James O. GERST, Savings and Loan Commissioner et al., Appellants,

v.

**JEFFERSON COUNTY SAVINGS AND LOAN ASSOCIATION, Appellee.**

No. 11324.

Court of Civil Appeals of Texas.

Austin.

April 28, 1965.

Rehearing Denied May 19, 1965.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, First Asst. Atty. Gen., Stanton Stone, Executive Asst. Atty. Gen., John W. Fainter, Jr., Asst. Atty. Gen., Jim Bob Bryan, Counsel for Savings & Loan Dept. of Texas, Heath & Davis, Dudley D. McCalla, Austin, McNicholas & Crawford, Beaumont, for appellants and cross-appellee.

C. K. Richards, Jake Jacobsen, Brown, Sparks & Erwin, Frank C. Erwin, Jr., Austin, for appellee and cross-appellants.

HUGHES, Justice.

This suit by Jefferson County Savings and Loan Association is in the nature of an appeal from an order entered by the Savings and Loan Commissioner of Texas, James O. Gerst, on September 24, 1964, approving an application of Beaumont Savings and Loan Association for authority to operate a branch office in the City of Beaumont.

The Commissioner and the two loan associations are the only parties and they will be referred to as "Commissioner," "Beaumont" and "Jefferson," respectively.

All parties moved for summary judgment. The motion by Jefferson was granted; the others denied.

The principal question presented by this appeal is reflected by the summary judgment rendered below, and we quote the following therefrom:

"* * * since the order entered on September 24, 1964, by defendant James O. Gerst, Savings and Loan Commissioner of Texas, granting the application of defendant Beaumont Savings and Loan Association to open and operate a branch office of said association at the corner of 11th and Lucas Streets in the City of Beaumont, Jefferson County, Texas, does not contain any finding by the Commissioner that there is a public necessity for the proposed branch and that the volume of business in the community in which

the proposed branch of the association will be conducted is such as to indicate a profitable operation, which are the same basic standards which are set for the granting of an application for an original charter of a savings and loan association required by the provisions of Section 2.08(3), Article 852a, Vernon's Texas Civil Statutes, such order is invalid and of no legal force and effect under the rulings of the Supreme Court of Texas in Southwestern Savings and Loan Association of Houston v. Falkner, 160 Tex. 417, 331 S.W.2d 917, and the law and the facts are with the plaintiff and against the defendants, and that the motion for summary judgment filed by plaintiff Jefferson County Savings and Loan Association should be granted and that the motions for summary judgment filed by each of the defendants, James O. Gerst, Savings and Loan Commissioner of Texas, and Beaumont Savings and Loan Association should be refused; * * *."

■ In the Southwestern case cited by the trial court in its judgment, the Supreme Court construed Arts. 881a–1 to 881a–69, V.T.C.S., prior to their repeal. Acts 1963, 58th Leg., p. 269. In its opinion the Court stated:

"Petitioner contends that the statutes are unconstitutional if they be given the interpretation we have given them because they set no standards by which approval or disapproval of branch offices is to be determined. Generally, a legislative delegation of rule-making authority must fix standards in order to be valid. Housing Authority of City of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 130 A.L.R. 1053. But under our interpretation of Article 881a–2 the same basic standards are set for the approval or disapproval of applications to open branch offices as are set for the granting of an application for a charter in the first instance. The statutory standards of public con-

venience and advantage, and adequate population to assure reasonable support are sufficient statutory basis for the rules and regulations."

■ In Benson v. San Antonio Savings Association, 374 S.W.2d 423, Texas Sup., the Court said:

"In Southwestern Savings and Loan Ass'n of Houston v. Falkner, 160 Tex. 417, 331 S.W.2d 917, we held that approval of the Commission for the establishment and operation of branch offices by building and loan associations is impliedly required by the provisions of Arts. 881a–2 and 881a–7, otherwise the purpose of the two statutes would be largely nullified. We further decided in that case that the same basic standards which govern the approval or disapproval of the application for an original charter shall apply to applications for the opening of branch offices, since excessively zealous competition may be waged quite as effectively by setting up branch offices as by the granting of charters in the first instance."

In 1963, the Legislature enacted the Texas Savings and Loan Act, effective January 1, 1964, which now appears as Art. 852a, Vernon's Ann.Tex.Civ.St.

Sec. 2.08 of Art. 852a provides that the Commissioner shall not approve any application for a *charter* for a savings and loan association unless he affirmatively finds and so states in writing, inter alia, that "(2) the character, responsibility and general fitness of the persons named in the Articles of incorporation are such as to command confidence and warrant belief that the business of the proposed association will be honestly and efficiently conducted in accordance with the intent and purpose of this Act and that the proposed association will have qualified fulltime management; (3) there is a public need for the proposed association and the volume of business in the community in which the proposed as-

sociation will conduct its business is such as to indicate profitable operation; * * *."

■ The Texas Savings and Loan Act does not contain any express prerequisites for obtaining authority from the Commissioner for the opening of a branch office for a savings and loan association which has been granted a charter. In fact, it contains no express authority for the establishment of branch offices for such associations. However, and it is not contested here, ample implied authority may be found in Secs. 2.13 and 2.14 of Art. 852a for the creation of branch offices of such an association.

Beaumont does not, as we understand it, contend that the Commissioner complied with and made all the findings required by Sec. 2.08, Art. 852a, but it contends that the Commissioner has made all of the findings required of him by the rules promulgated by the Building and Loan Section of the Finance Commission of Texas under the provisions of Art, 342–114, V.T.C.S., which authorizes the promulgation of rules for savings and loan associations, inter alia, which are not "inconsistent with the Constitution and Statutes of this State."

These rules do not contain the requirements prescribed in Sec. 2.08(2) (3), Art. 852a, supra, and the order of the Commissioner under attack here does not contain a finding on such matters.

It is the position of the Commissioner and Beaumont that the order of the Commissioner of September 24, 1964, "entered pursuant to lawful and proper rules and regulations, is deemed to be valid until the invalidity of said rules is alleged and proven by proper pleadings and proof."

The record does not disclose that Jefferson has alleged the invalidity of the rules promulgated for the Commissioner and it has not alleged that the order of the Commissioner is not reasonably supported by substantial evidence.

The record does disclose that the order of the Commissioner involved here does contain all of the findings required by the rules promulgated and in force for his guidance when such order was issued.

Sec. 11.12 and paragraphs (1) (b) and (2) of Art. 852a read:

"Any party with an interest in the subject matter thereof who is dissatisfied with any act, order, ruling or decision of the Commissioner taken or made, or with any rule or regulation promulgated by the Commissioner and the Building and Loan Section of the Finance Commission in connection with the administration of this Act, may secure judicial review thereof in the following manner:

"(1) Venue. (a) Proceedings for review of a removal order entered pursuant to Section 8.14 of this Act, may be instituted by filing a petition as in civil actions generally against the Commissioner, as defendant, either in a district court of Travis County, or in the district court of the county in which any person affected by such order resides or of the county in which the principal office of the association affected by such order is located.

"(b) Proceedings for review of other acts, orders, rulings or decisions of the Commissioner or of any rule or regulation promulgated by the Commissioner and the Building and Loan Section of the Finance Commission may be instituted by filing a petition as in a civil action generally against the Commissioner, as defendant, in a district court of Travis County and not elsewhere.

"(2) Time for Filing. Any petition for judicial review must be filed within thirty (30) days after the action, order, ruling or decision of the Commissioner is final or the rule or regulation complained of is promulgated."

The rules for the Commissioner which were in force on September 24, 1964, were promulgated and adopted November 15, 1963, and were made effective January 1, 1964. Jefferson filed its Original Petition herein on October 15, 1964.

The Commissioner and Beaumont take the position that the suit by Jefferson is an attack on the rules adopted for the Commissioner effective January 1, 1964, and hence is barred by Sec. 11.12(2) of Art. 852a.

The suit by Jefferson is not by its terms an attack on the rules, however, this may be its practical effect.

■ There are many questions present but not presented in the case before us. The language of Sec. 11.12 defining the persons who may seek judicial review is very broad. If it includes the interloper or the merely curious and is not confined to those persons having a justiciable interest, it would be of doubtful validity. If paragraph (2) of Sec. 11.12 is construed to include a person having no present controversy under a rule or regulation promulgated for use by the Commissioner or a person on whom the rule has no immediate impact, the requirement that he may or must petition for judicial review of such rule or regulation within the thirty days prescribed would be of doubtful validity. These sections would require courts to give advisory opinions, a function the courts may not perform.[1] The missing ingredient has been called the "ripeness for review." See 2 Am.Jur.2d, Administrative Law, Sec. 583, p. 410; also 28 Tex.L.Rev. 376 (1950).[2]

■ We are of the opinion that if there is a conflict between the requirements of the statutes and the rules promulgated by the Building and Loan Section of the Finance Commission then, to such extent,

such rules are void and of no force or effect. The only authority needed to support this conclusion is the statute, 342–114, under which the rules were promulgated. This statute expressly limited the content of the rules to matters not inconsistent with the Constitution and statutes.

The general law on this subject is stated in 2 Am.Jur.2d, Administrative Law, Sec. 300, p. 126, from which we quote:

"Administrative rules and regulations, to be valid, must be within the authority conferred upon the administrative agency. A rule or regulation which is broader than the statute empowering the making of rules, or which oversteps the boundaries of interpretation of a statute by extending or restricting the statute contrary to its meaning, cannot be sustained. To the extent that a regulation is not in conformity with the statute and with controlling judicial interpretations of the statute it conflicts with the meaning of such statute and so is unauthorized; and regulations must conform, not only with the statute under which they are issued, but also with the constitution and other laws.

"Administrative agencies must strictly adhere to the standards, policies, and limitations provided in the statutes vesting power in them. A rule or regulation to be valid may only implement the law, and regulations are valid only as subordinate rules and when found to be within the framework of the policy which the legislature has sufficiently defined."

■ It is our opinion that the order approving the application of Beaumont for authority to operate a branch office in the City of Beaumont is invalid for failure of

---

1. Morrow v. Corbin, 122 Tex. 553, 62 S.W. 2d 641.

2. Here the question is asked, "May the validity of a regulation be challenged by

one to whom the regulation has not yet been specifically applied?" The answer was, "The case law provides no clear cut answer * * *."

the Commissioner to make all the affirmative findings specified in Sec. 2.08, Art. 852a, and not previously found by him, the rules to the contrary notwithstanding. Southwestern Savings and Loan Association of Houston v. Falkner, supra.

Our decision is limited to the case before us. Whether the requirement of rules for the establishment of branch offices are more lenient or more onerous than the statutory requirements, and their validity in either case, is not before us. All that we do hold, in this respect, is that the rules as read or as interpreted cannot supplant the statutes.[3]

■ We also hold, for the reasons above stated, that Jefferson is not precluded by Sec. 11.12(2) of Art. 852a from attacking the order granting the application of Beaumont or the rules under which it was approved. Appellants' first four points which present the questions discussed above are overruled.

Point five is that the trial court erred in holding that Jefferson was not estopped from attacking the order granting Beaumont's application and the rules and regulations under which it was issued.

Beaumont made the following allegations in its amended answer:

"There are common directors of plaintiff herein, Jefferson County Savings and Loan Association, and Orange Savings and Loan Association of Orange, Texas. On information and belief, this defendant alleges plaintiff herein is directed and controlled by the same persons and common stockholders (whether in their own names or through controlled corporations) who direct and control Orange Savings and Loan Association. On the 15th day of May, 1964, pursuant to an application, filed by Orange Savings and Loan Association, a branch office to be located in Vidor, Texas, was granted Orange Savings and Loan Association by an order entered by the Savings and Loan Commissioner of Texas on said date. Said order of May 15, 1964 made none of the findings complained about in Paragraph 6 of plaintiff's original petition on file herein and therefore is, in this regard, the same as the order complained of in plaintiff's original petition herein. * * * Inasmuch as there are common directors of plaintiff and Orange Savings and Loan .Association, and since plaintiff is believed to be under the control and direction of the same persons controlling and directing Orange Savings and Loan Association, such persons and the plaintiff association, controlled by them, are prohibited and estopped from attacking the validity of an order alleged by plaintiff to be void, but which is not materially different from an order under which they claim and have obtained a substantial benefit."

These allegations were made the subject of special exceptions by Jefferson which the trial court sustained.

Accepting the truthfulness of the allegations made by Beaumont, we are of the opinion that the exception was properly sustained.

■ In our opinion, the elements of estoppel are not present. If a mistake was made in granting the application of Orange, it was the mistake of the Commissioner. There are no allegations that Orange made any representations to the Commissioner to induce him to waive any statutory requirements. There is no allegation that Orange did anything except what the Commissioner required it to do. There is no allegation that Orange took any position on the sufficiency of the requirements made by the Commissioner. Orange is guilty only of compliance with the rules prescribed for

---

3. It is not contended that the requirements of the rules are identical with the requirements of the statutes.

the Commissioner. There is no basis for estoppel.

There is no showing that the question of estoppel was considered by the Commissioner. In fact, the contrary appears. Sec. 11.12(5), Art. 852a provides, in part, that on the trial on appeal "no evidence shall be admissible which was not adduced at the hearing on the matter before the Commissioner or officially noticed in the record of such hearing."

■ Giving full effect to this statute, as we do, no issue of estoppel could be tried by the court below, and the court correctly declined to try it.

We also doubt that the Commissioner, had such matter been presented to him, would have had authority to resolve it. See Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424. This case is authority for the rule that neither the Railroad Commission nor the District Court on appeal has jurisdiction to determine issues not within powers committed to the agency by law. We are not advised of any authority conferred by law on the Commissioner to adjudicate the validity of a plea of estoppel between adverse parties interested in the issuance of a permit to establish and operate a branch office for a savings and loan association.

Jefferson has filed an appeal from that portion of the trial court's judgment remanding this case to the Commissioner for further proceedings not inconsistent with its judgment and its point of error is that this portion of the judgment is erroneous.

The judgment, in this respect, was authorized by statute. Sec. 11.12(6).

■ It is our opinion that this is a purely procedural statute and that it does not raise any constitutional problems. The court, under this statute, has not attempted to exercise any judgment or discretion vested in the Commissioner. Under the court's judgment, which we affirm, the Commissioner is advised only that he has not fully complied with the law and has not made findings which he is required to make and the case is remanded to him in order that he may do so. What these findings may be are left to his discretion.

■ The practice of remanding cases to administrative agencies is always sustained when authorized by statute, and frequently when it is not so authorized. We quote from 2 Am.Jur.2d, Sec. 764, p. 664:

"While some cases hold that a court which is restricted to review on the record may not, without express authority therefor, remand the case to the agency, pending the court's determination of the validity of an order, for the taking of additional evidence, the general rule is that even in the absence of statute, a court which sets aside an administrative determination has the power to remand the case to the administrative agency where such power is necessary to effectuate the demands of justice, and statutes frequently grant such authority to the courts. *The court does not encroach upon the administrative functions by such procedure, and there is nothing in the principles governing judicial review of administrative acts which precludes the courts from giving an administrative agency an opportunity to meet objections to its order by correcting irregularities in procedure, or supplying deficiencies in its record, or making additional findings where these are necessary, or supplying findings validly made in the place of those attacked as invalid.*" Italics ours.

Jefferson's point on its appeal is overruled.

The judgment of the trial court is affirmed.

Affirmed.