![Seal of the State of Texas]

THE ATTORNEY GENERAL,

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 8, 1970

Dr. J. W. Edgar                          Opinion No. M-648
Commissioner
Texas Education Agency                   Re:  Authority of a regional
301 East 11th Street                          education service center
Austin, Texas                                 to acquire and hold title
                                              to real property.

Dear Dr. Edgar:

        In your letter requesting an opinion from this office,
you submit the following statement which we quote as follows:

        "A Regional Education Service Center is
        an area educational facility, organizational and
        physical, established by the State Board of Educa-
        tion under authority granted in Article 2654-3e,
        V.C.S.  (Section 11.33, Texas Education Code) and
        pursuant to rules and regulations adopted by said
        Board in line with the provisions prescribed in
        Article 2654-3d, V.C.S.  (Section 11.32, Texas
        Education Code).  In addition to operating as
        the regional education media component authorized
        in Section 11.32, supra, the educational service
        center performs services expanded by Section 11.33
        to develop and provide a locally oriented base for
        cooperative educational planning, and to encourage
        the development of supplementary education services
        under Title III of the Elementary and Secondary Act.

        "The State Board has designated 20 regions in
        Texas, each to be served by an education service
        center and has adopted broad policies for establish-
        ing and implementing the twenty centers.  See enclosed
        copy of the State Plan containing adopted procedures
        and policies applicable thereto.  . . .

        "Region XIX Education Service Center, whose area

-3104-

comprises El Paso and Hudspeth counties, desires
to enter into an agreement with the El Paso In-
dependent School District, a participant in the
center, to construct a facility for Region XIX
Service Center use. Under the agreement the
facility would be built by the El Paso School
District presumably on district owned property,
and would be paid for under a rent-to-own (lease-
purchase) agreement by the Board of Directors
of Region XIX from Center funds realized from
sources other than the State. . . ."

Based upon the above statement, you ask the following
question:

"Legally, may a regional education service
center acquire and hold title to real property?"

Article 2654-3(e), Vernon's Civil Statutes, codified as
Section 11.33, Texas Education Code, which authorizes the es-
tablishment of regional educational service centers, reads as
follows:

"(a) The State Board of Education may pro-
vide for the establishment and a procedure for
the operation of Regional Education Service Cen-
ters by rules and regulations adopted under this
section and the provisions of Section 11.32, to
provide educational services to school districts
and to coordinate educational planning in the
region.

"(b) The governing board of each Regional
Education Service Center, under rules and regula-
tions of the State Board of Education, may enter
into contracts for grants from both public and
private organizations and to expend such funds
for the specific purposes in accordance with the
terms of the contract with the contracting agency."

In your letter you advised this office that one of the
functions of a regional education service center is to operate as
a regional education media center which is authorized to be es-
tablished by the provisions of Article 2654-3(d), Vernon's Civil
Statutes, codified as Section 11.32, Texas Education Code.

Previously, this office ruled in Attorney General's
Opinion No. C-749 (1966) that   regional education media centers

fall within the meaning of public school as defined by Article 2922-1, Vernon's Civil Statutes; that employees of the centers are eligible for membership in the Teacher Retirement System and such membership is required as a condition of employment unless such employees are otherwise exempt. In addition, Attorney General's Opinion No. M-149 (1967) concluded that regional education media centers are political subdivisions within the provisions of Article 695g(1), Vernon's Civil Statutes, and that the employees of said political subdivisions are entitled to social security coverage.

Under the rule and regulation making authority granted by the provisions of Sections 11.32(a) and 11.33(a), Texas Education Code, the State Board of Education, in adopting regulation 6.11 contained in the State Plan Procedures and Policies for the Operation of Regional Education Service Centers, has directed that the boards of directors of the regional education service centers have the responsibility for performing the following function:

"6.11 Acquire, hold title and sell real property for service center purposes in accordance with statutes governing the authority of Boards of Trustees of Independent School Districts."

Article 11.32(g) of the Education Code declares that "Title to and all educational media and property purchased by the (Education Media) Center shall remain with and in the center." (Parenthesis ours.)

By the terms of Regulation 6.11 of the "State Plan," supra, the Boards of Directors of the respective centers must acquire, hold title and sell real estate in accordance with the statutes governing the authority of boards of trustees of independent school districts. In this regard, Section 23.26, Texas Education Code, contains the general authority of the trustees regarding real property. Section 23.26, Texas Education Code, reads, in part, as follows:

"(a) The trustees shall constitute a body corporate and in the name of the school district may acquire and hold real and personal property, sue and be sued, and receive bequests and donations or other moneys of funds coming legally into their hands.

Dr. J. W. Edgar, page 4 (M-648)

"..."

"(c) All rights and titles to the school property of the district, whether real or personal, shall be vested in the trustees and their successors in office.

"..."

Administrative rules and regulations to be valid must be within the authority conferred on the administrative agency. Gerst v. Jefferson County Savings & Loan Ass'n., 390 S.W.2d 318 (Tex.Civ.App. 1965, error ref. n.r.e.). Also, it has been held that a rule's provisions must be in harmony with the general objective with the act involved. Gerst v. Oak Cliff Savings & Loan Ass'n., 432 S.W.2d 702 (Tex.Sup. 1968). It is evident that the State Board of Education, under the provisions of Sections 11.32 and 11.33, Texas Education Code, has the general authority to establish regional centers whose function is to provide educational services to participating school districts and to coordinate educational planning in the regions. It is our opinion that the provisions of Regulation 6.11 of the "State Plan" are in harmony with the functions and general objectives of the centers. Consequently, we hold that Regulation 6.11 of the "State Plan" is valid.

Valid rules and regulations of an administrative agency promulgated pursuant to statute have the force and effect of legislation. Northeast Tarrant County Water Authority v. Board of Water Engineers, 367 S.W.2d 720 (Tex.Civ.App. 1963, no writ).

On the basis of the foregoing authorities and discussion, you are advised that a regional education service center may, under the facts submitted, legally acquire and hold title to real property.

S U M M A R Y

A regional education service center may legally acquire and hold title to real property.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

-3107-

Dr. J. W. Edgar, page 5  (M-648)


Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jack Goodman
Harold Kennedy
Ray McGregor
Jack Dillard

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant