**BAY CITY FEDERAL SAVINGS AND LOAN ASSOCIATION et al.,
Appellants,**

v.

**W. Sale LEWIS, Savings and Loan Commissioner of Texas, et al., Appellees.**

No. 11986.

Court of Civil Appeals of Texas,
Austin.

Oct. 18, 1972.

Rehearing Denied Nov. 8, 1972.

Joe R. Long and Gary Evatt, Austin, for appellants.

James Hackney, Asst. Atty. Gen., Heath, Davis & McCalla, Dudley D. McCalla, Austin, for appellees.

SHANNON, Justice.

Appellants, Bay City Federal Savings and Loan Association and Wharton County Savings and Loan Association, appeal from the judgment of the district court of Travis County sustaining the order of the Savings and Loan Commissioner of Texas granting a charter for Matagorda County Savings Association to be located in Bay City. The Appellees are the Savings and Loan Commissioner of Texas and the incorporators and the initial board of directors of Matagorda County Savings Association.[1] Both Appellants and Appellees filed motions for summary judgment, and the district court granted Appellees' motion and denied Appellants'.

We will affirm the judgment of the district court.

As in Gonzales County Savings and Loan Association v. Lewis, Savings and Loan Commissioner of Texas et al., 486 S.W.2d 176, decided by this Court today, this is the second appearance of this case in this Court. This Court in the previous opinion reported in 463 S.W.2d 268 (Tex. Civ.App.1971) held that the omission by the Commissioner in his order to detail underlying facts supporting a finding not at issue was not such an error as to require reversal.[2] In addition, this Court held that those findings of the Commissioner which were disputed: (1) public need; (2) volume of business to indicate a profitable operation; and (3) absence of undue harm to existing associations, were supported by substantial evidence.

The Supreme Court, Tex., 474 S.W.2d 459, reversed the judgment of this Court stating in its opinion that compliance in all respects with Section 11.11(4) of Article 852a, Vernon's Ann.Civ.St., was mandatory. However, that Court affirmed that part of the opinion of this Court holding that there was substantial evidence to support the disputed findings in the Commissioner's order. The Supreme Court then remanded the case to the Commissioner "for further proceedings consistent with this opinion."

After the district court remanded the case to the Commissioner pursuant to the mandate of the Supreme Court, the Commissioner set a hearing "for the limited purpose of complying with the opinion and judgment of the Supreme Court." At that hearing the Commissioner limited the evidence received to those findings which the Supreme Court had not held to be supported by substantial evidence, i. e., those required by Section 2.08(1), Article 852a.

The Appellants by letter notified the Commissioner of their complaint concerning the limited hearing, and at the hearing filed an instrument denominated "Motion to Reopen Hearing." In support of that motion Appellants tendered the testimony of Dr. James R. Vinson to demonstrate that economic conditions in the geographic area were contrary to the findings of the Commissioner in the initial order, or at

---

1. A. J. Stanish, S. R. Bossley, Melvin Epstein, E. M. Douglas, J. O. Carpenter and T. M. Ottis, Jr.

2. Specifically, the underlying facts omitted from the Commissioner's Order were those supporting the Commissioner's finding that the prerequisites set out in Sections 2.02, 2.03, 2.04, 2.05 and 2.06, Article 852a, the Savings and Loan Act, had been complied with. Among other things, Section 2.02 prescribes the range of the par value of shares of permanent reserve fund stock issued by an association and the minimum amount of permanent reserve fund stock which must be issued and outstanding. Section 2.03 requires that the amount of permanent reserve fund stock required by the Commissioner, within the range established by Section 2.02, be subscribed to and paid for in cash as a prerequisite to approving a charter. Section 2.04 permits the Commissioner to require an applicant for a new charter to pay in capitalization, additional to the amounts paid in for permanent reserve fund stock, in the form of paid-in surplus. Sections 2.05 and 2.06 relate to mutual associations and were not applicable inasmuch as the proposed association is a permanent reserve fund stock association.

least in Appellants' opinion, the economic conditions had worsened in the intervening years. That testimony appeared in this record in Appellants' "bill of exception." The Commissioner overruled Appellants' motion to reopen the hearing.

■ By a host of imaginative points and sub-points of error, Appellants claim that the failure of the Commissioner to reopen the hearing on all points and admit evidence of changed economic conditions was error.[3] As interesting as Appellants' contentions are, we are of the opinion that the decision in this appeal is governed by the same consideration stated in Gonzales County Savings and Loan Association v. Lewis, Savings and Loan Commissioner, et al., *supra*, i. e., the construction of the prior opinion of the Supreme Court. In that opinion the Court held that compliance with Section 11.11(4) of Article 852a was mandatory, and for the reason of non-compliance, the case had to be remanded to the Commissioner. The Supreme Court specifically affirmed the holding of this Court that the findings with respect to public need, volume of business to indicate a profitable operation, and absence of undue harm to existing associations were supported by substantial evidence.

Our view is that the Supreme Court remanded the case to the Commissioner to correct the procedural deficiencies of the order by supplying the underlying facts required by Article 852a, Section 11.11(4). The opinion of that Court neither required nor permitted the Commissioner to reopen the hearing for evidence on those findings which it had already held to be supported by substantial evidence. Accordingly, we hold that the Commissioner properly limited the hearing and evidence to those points

not passed on by the Supreme Court in its prior opinion.

■ Appellants' other group of points complain that the district erred in granting Appellees' motion for summary judgment, and in failing to grant Appellants'. Although we doubt that these points comply with Tex.R.Civ.P., Rule 418, as they do not inform this Court of the questions raised and discussed in the brief, Crutchfield v. Associates Investment Company, 376 S.W. 2d 957 (Tex.Civ.App.1964, writ ref'd), but see Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121, (Tex.1970), still we will examine the discussion in Appellants' brief to determine their complaint. Appellants' apparently claim that Appellees' motion for summary judgment was defective because it did not state the "specific grounds therefor." Tex.R.Civ.P., Rule 166–A(c).

■ In their motion for summary judgment Appellees stated, among other things, that the Appellants sought ". . . to set aside as invalid an order of April 4, 1972, entered by the Savings and Loan Commissioner of Texas. Defendants have filed their answers herein. The grounds for this motion are that said order of April 4, 1972, and the Commissioner's actions in entering same, are in all things valid, legal and binding."

Although Appellees' terminology in the motion for summary judgment may not have been as specific as desirable, still we are of the opinion that the parties and the court were apprised by that instrument of Appellees' grounds, and that the motion complied with Rule 166–A(c).

The judgment of the trial court is affirmed.

Affirmed.

---

3. The scope of Appellants' asserted grounds for error is broad, ranging from a consideration of the problem of stale records on remand to violations of procedural due process and equal protection of the law. One of Appellants' most interesting citations pertaining to

the problem of a stale record on remand is found in University of Pennsylvania Law Review: Freedman, The Uses and Limits of Remand in Administrative Law: Staleness of the Record, 115 Pa. L.Rev. 145 (1966).