**FIRST SAVINGS AND LOAN ASSOCIA-
TION OF DEL RIO, TEXAS,**
Appellant,

v.

**W. Sale LEWIS, Savings and Loan Commis-
sioner of Texas, et al., Appellees.**

No. 12160.

Court of Civil Appeals of Texas,
Austin.

July 10, 1974.

Dudley D. McCalla, Heath, Davis & McCalla, Austin, for appellant.

John L. Hill, Atty. Gen., John H. Banks, Asst. Atty. Gen., Conrad Werkenthin, Mary Joe Carroll, Clark, Thomas, Denius, Winters & Shapiro, Austin, for appellees.

SHANNON, Justice.

The question for decision is whether the district court of Travis County is empowered to remand an administrative appeal to the agency for error upon the court's having passed upon only a part of the appeal. As we are of the opinion that the district court has that authority, we will affirm the judgment.

Appellant is First Savings and Loan Association of Del Rio. W. Sale Lewis, Savings and Loan Commissioner of Texas, and Amistad Savings Association are appellees. The statute vesting the district court with remand authority in savings and loan appeals is Vernon's Tex.Rev.Civ.Stat. Ann. Art. 852a, § 11.12(6).[1]

After hearing and over protest of appellant, the Commissioner granted the application of Amistad for a charter to establish and operate a savings and loan association in Del Rio. Appellant filed suit in the district court of Travis County to set aside the Commissioner's order. After trial, the court entered a judgment stating that three underlying facts found by the Commissioner in support of his order were not "properly supported" by the record, and remanding the cause to the Commissioner.

The pertinent part of that judgment provides:

" . . . and the Court having duly considered the record and the briefs submitted by counsel and having heard and considered oral argument of counsel on July 3, 1973, finds that the Order of the Commissioner contains as underlying facts recited in support of the statutory findings the three following statements which are not properly supported by the record:

"(1) 'The new association . . . has indicated that it will make all kinds of loans' (Order, page 9).

"(2) 'The Commissioner . . . finds . . . the area to be served is comprised of more than 50 per cent of people with Spanish surnames' (Order, page 4).

"(3) 'In this regard, the record reflects that effective buying income in the county has increased in the last several years' (Order, page 8).

"In view of the lack of record support for the three noted statements of underlying facts, *the Court without determining any questions with regard to substantial evidence,* concudes that the cause must be remanded to the Commissioner for further proceedings.

"It is, therefore, ordered, adjudged and decreed that this cause be, and it is hereby, remanded to the Savings and Loan Commissioner of Texas for further proceedings consistent with this opinion." (Emphasis added)

■ Appellees have previously filed a motion to dismiss the appeal claiming, among other things, that the judgment entered by the district court was not final, and that, as such, this Court has no jurisdiction to entertain the appeal. An exami-

---

1. Art. 852a, § 11.12(6) provides: "Burden of Proof and Judgment. The burden of proof shall be on the plaintiff. The reviewing court may affirm the action complained of. or *remand* the matter to the Commissioner for further proceedings." (Emphasis added)

nation of the terms of that judgment shows that although the court passed on only a part of the administrative appeal and did not determine the substantial evidence questions, the court remanded the entire cause to the Commissioner. As the court remanded the total cause to the Commissioner, and as its judgment left nothing further for the court to decide, we are of the opinion that the judgment was final and appealable, and appellees' motion to dismiss will be overruled.

Although appellant and appellees claim error in the judgment by many points of error and cross-points, the underlying issue which must be resolved is the authority of the district court to remand an administrative appeal to the agency upon the court's having passed upon only a part of the appeal.

■ In general, it may be said that if the reviewing court finds error in the agency order, it may remand the case to the agency for further consideration. It has been broadly stated by this Court that the practice of remanding causes to administrative agencies is always sustained when authorized by statute, and frequently when it is not so authorized. Gerst v. Jefferson County Savings and Loan Association, 390 S.W.2d 318 (Tex.Civ.App.1965, writ ref'd n. r. e.). The uses of remand are many, and it is common, at least in other jurisdictions, for the reviewing court to remand the cause to the agency with instructions to take additional evidence, to consider evidence which the agency has failed to consider, or to reconsider the evidence and revise its findings, or to make proper findings, if the agency's original order had not included proper findings of fact, or to correct technical deficiencies. 2 Cooper, State Administrative Law, § 9(B), p. 773 (1965).

■ It is a familiar appellate practice to remand causes for further proceedings without deciding the merits where justice demands that course in order that some defect in the record may be supplied. Ford Motor Company v. National Labor Rel. Bd., 305 U.S. 364, 59 S.Ct. 301, 83 L.Ed. 221 (1939). The jurisdiction to review the orders of the Commissioner is vested in the district court of Travis County, a court with equitable powers. And though the district court must act within the bounds of the statute, it may draw upon its general equity powers and adjust its relief to the exigencies of the case in accordance with equitable principles governing judicial action. Ford Motor Company v. National Labor Rel. Bd., *supra.* Jaffe, Judicial Control of Administrative Action, Chap. 19, p. 709 (1965).

■ In general, Art. 852a, § 11.12(6) authorizes the district court to remand the cause to the Commissioner. Nothing in that statute or in the principles governing judicial review of administrative action precludes the district court from giving the Commissioner an opportunity on remand to meet objections to his order by correcting irregularities in procedure, or supplying deficiencies in the record, or making additional findings where these are necessary, or by supplying findings validly made in the place of those attacked as invalid. Ford Motor Company v. National Labor Rel. Bd., *supra,* 2 Am.Jur.2d Administrative Law, § 764, see Floyd v. Arkansas State Board of Pharmacy, 473 S.W.2d 866 (Ark.1971), State v. Haywood Electric Membership Corporation, 131 S.E.2d 865 (N.C.1963).

■ By the terms of its judgment the district court may control the scope of its remand to the Commissioner. See Jaffe, Judicial Control of Administrative Action, Chap. 19, p. 719 (1965). In the case at bar, the district court, in effect, limited the Commissioner's reconsideration to the three "underlying" facts listed in the judgment. What that reconsideration may be was left to the discretion of the Commissioner. See Gerst v. Jefferson County Savings and Loan Association, *supra.*

■ The allowance of remand under the circumstances of this case, we believe, will ultimately result in a speedier disposition

of administrative appeals, and in the more efficient use of the judiciary's time. Cf Bay City Federal Savings and Loan Association v. Lewis, 463 S.W.2d 268 (Tex. Civ.App.1971), Bay City Federal Savings and Loan Association v. Lewis, 474 S.W.2d 459 (Tex.1971), Bay City Federal Savings and Loan Association v. Lewis, 486 S.W.2d 116 (Tex.Civ.App.1972, writ ref'd n. r. e.).

■ Having decided that the district court was authorized to remand the cause to the Commissioner, we now turn to the question of whether that court correctly determined that the three "underlying" factual statements were not supported by the record. Upon an examination of the record, we agree with the district court that the three "underlying" facts enumerated in the judgment were not properly supported by the record.

The judgment is affirmed.