## TEXAS HEALTH FACILITIES COMMISSION et al., Appellants,

v.

## NUECES COUNTY HOSPITAL DISTRICT, d/b/a Memorial Medical Center, Appellees.

No. 12972.

Court of Civil Appeals of Texas, Austin.

May 9, 1979.

Mark White, Atty. Gen., Carla J. Cox, Asst. Atty. Gen., Austin, for Texas Health Facilities Commission.

Fred E. Davis, David M. Davis, Davis, Davis & Sharp, Austin, for Spohn Hospital of Corpus Christi.

Duane F. Emmert, McGinnis, Lochridge & Kilgore, Austin, for appellee.

SHANNON, Justice.

Appellants Texas Health Facilities Commission and Spohn Hospital appeal from the judgment of the district court of Travis County that reversed an order of appellant Commission. The Commission's order denied the application of appellee Nueces County Hospital District, doing business as Memorial Medical Center of Corpus Christi, for a certificate of need authorizing the purchase and installation of a computerized tomographic whole body scanner. In another order the Commission granted the application of appellant Spohn Hospital for a certificate of need authorizing the purchase and installation of a similar scanner.

Spohn filed its application with the Commission in April, 1977, to purchase a scanner to be placed and operated in its hospital in Corpus Christi. Memorial filed its application in May, 1977, for a scanner to be placed and operated at its hospital, also located in Corpus Christi. The Commission joined the applications as "potentially competing applications" pursuant to Commission Rule 902(c) and considered the applications in a single hearing.

After entry of the Commission's orders, Memorial filed an administrative appeal in the district court of Travis County in which it attacked both the order approving Spohn's application and the order denying its own application. Pursuant to Spohn's motion, the district court severed that part of the administrative appeal complaining of the approval of Spohn's certificate from the part complaining of the denial of Memorial's certificate. The district court then entered judgment affirming the Commission's approval of Spohn's certificate. That judgment has been affirmed by this Court. *Nueces County Hospital District v. Texas Health Facilities Commission,* 576 S.W.2d 908 (Tex.Civ.App.1979, no writ).

In the instant cause, the district court entered judgment reversing the Commission's denial of Memorial's application for a certificate to obtain and operate the scanner. More specifically, the district court concluded in its judgment that there was ". . . adequate evidence of record on which a decision [by the Commission] could be made to grant a certificate of need, but a lack of evidence on which a decision could be made to deny a certificate of need." The district court ordered the cause remanded to the Commission for future consideration, limited to the record previously made before the Commission. It is that judgment now under consideration in this appeal.

With respect to the cause complaining of the denial by the Commission of Memorial's application, the district court's task was to determine from the record whether the evidence so conclusively required an affirmative finding of need for a scanner at Memorial that the failure of the Commission to make that finding was arbitrary or capricious. Upon appeal, the important issue for review is whether the district court correctly determined that the failure of the Commission to approve Memorial's certificate was arbitrary or capricious.

■ An appeal from an order of the Commission is governed by the substantial evidence rule. *Nueces County Hospital District v. Texas Health Facilities Commission,* supra. Memorial, as applicant, had to produce evidence in the agency hearing showing a need in the community for a scanner at its hospital. Memorial introduced such evidence. Because the Commission refused its application, it was Memorial's burden on administrative appeal to demonstrate that the Commission's refusal to make a finding of need for the scanner was arbitrary or capricious. *Gerst v. Cain,* 388 S.W.2d 168 (Tex.1965). In our opinion Memorial met that burden.

Many witnesses testified that two scanners were needed in order to properly serve the community. Several witnesses for the competing applicant admitted the need for two scanners. All of the medical witnesses who were questioned concerning the subject testified that indeed two scanners were needed. No witness testified that only one scanner was needed. There was no testimony that either hospital would be adversely affected by the placement of a scanner at both hospitals. The evidence in the agency record is overwhelming that two scanners are needed. Based upon that record, reasonable minds could not have reached the conclusion that there was no need for a scanner to be placed at Memorial. *Auto Convoy Company v. Railroad Commission of Texas,* 507 S.W.2d 718 (Tex.1974).

In defense of its order the Commission argues that "[w]hile the evidence in the record may appear on its face to support the need for two CAT scanners, the Court must consider that the Commissioners and their staff are given the authority to utilize their *special skills* and *knowledge* in evaluating the evidence presented before them." (Emphasis added). In response to the Com-

mission's argument, it is fair to observe that whatever agency expertise the Commission may have brought to bear in this case remains a secret from the parties and the reviewing courts. This is so since the Commission's findings are silent as to the role played by such "special skill and knowledge" in the Commission's evaluation of the evidence. A valid exercise of agency expertise, like other agency action, must find support in substantial evidence in the record made before the agency.

■ The discretion conferred on the Commission by the Texas Health Planning and Development Act, Tex.Rev.Civ.Stat. Ann. art. 4418h (1976), to grant or refuse applications is not an unbridled discretion; its findings may not be arbitrary or capricious, but must have support in substantial evidence. *Gerst v. Nixon, supra.*

■ Texas Rev.Civ.Stat.Ann. art. 6252–13a § 19(e) empowers the reviewing court, among other things, to reverse an agency order for error and remand the cause to the agency for further proceedings. By the terms of its judgment, the reviewing court may limit the scope of its remand to the agency. *First Savings & Loan Ass'n of Del Rio, Tex. v. Lewis,* 512 S.W.2d 62 (Tex.Civ. App.1974, writ ref'd n. r. e.).

In the case at bar, the district court ordered the cause remanded to the agency for further consideration, limited to the record previously made before the Commission. There was no error in the limitation of the scope of remand to the Commission. *First Savings & Loan Ass'n of Del Rio, Tex. v. Lewis, supra.*

The judgment is affirmed.