CITY OF DALLAS, Appellant,

v.

TEXAS WATER RIGHTS COMMIS-
SION, et al., Appellees.

No. 14086.

Court of Appeals of Texas,
Austin.

July 5, 1984.

Rehearing Denied Aug. 1, 1984.

Analeslie Muncy, City Atty., Carroll R. Graham, Sally Jo Field, Asst. City Attys., Dallas, for appellant.

Skip Newsom, Booth, Simmons & Newsom, P.C., Austin, for appellees.

Tex. Water Rights Com'n did not file a brief.

Before SHANNON, SMITH and GAMMAGE, JJ.

PER CURIAM.

The Texas Water Rights Commission entered an order fixing rates for the sale of water by the City of Dallas to the City of Farmers Branch and other cities, during the period from April 30, 1973 through December 31, 1974. Dallas and Farmers Branch filed petitions for review of the order in the district court. The district court concluded that the Commission's order "contains harmful error and therefore must be vacated and remanded to the Defendant Commission for rehearing and reconsideration of those points presented upon appeal." The district court ordered as follows:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Order ... is hereby vacated and reversed and this cause is remanded to the Texas Water Commission for the purpose of setting a rate for water service supplied by the City of Dallas to the City of Farmers Branch for that period of water service beginning April 30, 1973 and ending on December 31, 1976 and for the

fixing the amount of refunds and interest thereon due, if any, and in this regard, the Texas Water Commission is expressly directed by the Court to give full rehearing and reconsideration of the propriety of its prior action as follows:

(1) The adoption of the utility basis rather than the cash basis method of determining the City of Dallas' revenue requirements for the delivery of water to Dallas' customer cities;

(2) The deliniation [sic] and allocation of capital costs and expenses devoted by Dallas to the furnishing of water service to its customer cities;

(3) The employment of current cost components within the common-to-all utility rate base; and

(4) The adoption of a six percent (6%) rate of return under the utility basis for both system equity and debt rather than Dallas' actual test year embedded interest rate on system debt and Dallas' actual test year cost of capital on system equity.

On appeal to this Court from the judgment of the district court, Dallas has filed a brief containing twenty-one points of error and over one hundred pages. Farmers Branch has filed a brief of similar length, containing one cross-point. Both parties have filed lengthy reply briefs. In points one through four, Dallas argues that the Commission's order was not final and appealable. In points six through sixteen, Dallas complains of the trial court's failure to hold the order invalid on various complex grounds. In points seventeen and eighteen, Dallas contends that the trial court erred in directing the Commission to rehear and to reconsider all points presented on appeal, and the matter specified in paragraph (2) of the court's order. In points nineteen through twenty-one, Dallas maintains that the trial court erred in directing the Commission to rehear and to reconsider the matters specified in paragraphs (1), (3), and (4), because the Commission did *not* err in these respects. The Commission declined to file a brief.

Only by its first four points of error does Dallas complain that the district court should not have *reversed* the Commission's order and *remanded* the proceedings to the Commission. The remaining grounds of error simply complain either that the district court should have addressed and specifically resolved various questions of law that the Commission will face on remand, or that the court should have directed the Commission to "rehear and reconsider" only matters in which the Commission actually erred. The gist of Dallas' appeal is stated in its argument under its points of error seventeen and eighteen:

[T]he court has an obligation to give guidance to the Commission regarding the errors in the previous order. Otherwise the Commission will be needlessly duplicating its previous effort with no assurances that it is not again committing the same errors.

Although not cited by Dallas, its argument echoes the dissent of Justice Chadick in *Merchants Fast Motor Lines, Inc. v. Railroad Commission*, 573 S.W.2d 502 (Tex.1978). In *Merchants*, the district court, this Court, the Supreme Court, and Justice Chadick all agreed that the Commission had committed reversible error. The district court articulated "many bases for the invalidity of the Commission's order," in eighty-four conclusions of law. 545 S.W.2d 198, 200. This Court addressed only one such ground, and declined to address other asserted bases for the order's invalidity, including the assertion that the order was not supported by substantial evidence. Instead, this Court reversed the district court's judgment which merely "set aside" the order, and this Court *remanded* the cause to the district court with instructions to remand the proceedings to the Commission "to give the Commission an opportunity to correct any errors in its order." *Id.* at 201. The Supreme Court reversed the judgment of this Court, holding that this Court lacked authority to direct a *remand* of the proceedings to the Commission, and affirmed the trial court judgment which simply *set aside* the Commission's order. Justice Chadick dissented. He agreed with this Court that the proceed-

ings should be *remanded* to the Commission; but he thought that this Court should have addressed *other* asserted grounds for the invalidity of the Commission's order, reasoning as follows:

In the present appeal the Commission was given no guidance, except as to the deficiency in the rate amendment, and was told to search out and correct any errors underlying its order. To remand without guidance suggests and sanctions a system of winnowing out error by successive remands until an errorless order is produced by the Commission. A "merry-go-round" correction procedure of this nature seriously violates the policy of expeditious disposition and termination of litigation. A rational observance of the imperatives of precedent and policy requires the reviewing court to consider all of the issues before it, and if remand is appropriate, to give the administrative agency as much legal guidance as sound judicial discretion and the exigencies of a case permit. [573 S.W.2d at 510–11.]

In support of his argument, Justice Chadick referred to two Supreme Court opinions in cases in which petitioners had attacked agency orders on the grounds that (1) the orders were not sufficiently supported by findings of underlying fact; and (2) the orders were not supported by substantial evidence. Justice Chadick noted that even though the Court reversed the judgments affirming the orders on the first ground, the Court nevertheless addressed the issue whether the orders were supported by substantial evidence, despite the objections of Justice Pope and other concurring justices. *Lewis v. Gonzales County Savings & Loan Ass'n.*, 474 S.W.2d 453 (Tex.1971); *Bay City Federal Savings & Loan Ass'n v. Lewis*, 474 S.W.2d 459 (Tex. 1971).

Justice Chadick also referred to this Court's opinion in *First Savings & Loan Ass'n of Del Rio v. Lewis*, 512 S.W.2d 62 (Tex.Civ.App.1974, writ ref'd n.r.e.). In *Del Rio* the district court held that three of the Commissioner's findings of underlying facts were "not properly supported by the

record," and remanded the proceedings to the Commissioner "without determining any questions with regard to substantial evidence." *Id.* at 63. This Court held that the district court was authorized to remand the proceedings to the Commissioner without passing on the substantial evidence point, pointing out that "[t]he allowance of remand under the circumstances of this case, we believe, will ultimately result in a speedier disposition of administrative appeals, and in the more efficient use of the judiciary's time." *Id.* at 64–65.

Justice Chadick distinguished *Del Rio* on the ground that

delay in disposition would have been approximately equal whether remand was first to the trial court or first to the agency. A remand to the trial court at that point in the progress of the case [with directions to address the substantial evidence questions] would not have assured a more expeditious end to the litigation than would acceding to the trial court's disposition. [573 S.W.2d at 510.]

Justice Chadick concluded that *Gonzales County, Bay City,* and *Del Rio*

are basically consistent with and do not limit broad judicial policy that favors expeditious disposition and termination of litigation. This favored policy may at times require consideration of issues by courts reviewing agency orders which are not strictly necessary to disposition, but which will expedite termination of litigation. [*Id.*]

Justice Chadick's view is supported by cases holding that it is the duty of an appellate court, having found reversible error in the trial court's judgment, "to determine such other questions which in all probability will arise upon retrial." *Byrd v. Trevino-Bermea,* 366 S.W.2d 632, 635 (Tex.Civ.App.1963, no writ). *See also Indem. Ins. Co. of North America v. Williams,* 129 Tex. 51, 99 S.W.2d 905, 906 (1937).

However, the "expeditious disposition and termination of litigation" is not the only goal which the judiciary must seek to implement. The judiciary must also seek to insure that its own limited resources are used efficiently. *Del Rio, supra.* Also, the judiciary must seek to avoid deciding issues gratuitously and off-handedly. Both of these considerations militate against the consideration of points of error whose sustaining would not alter the appellate court's judgment, as, for example, where the court has already decided that a judgment must be reversed on other grounds. Therefore, it is held regularly that an appellate court should not decide questions unnecessary to disposition of an appeal. *Nixon v. First State Bank of Corpus Christi,* 540 S.W.2d 817, 823 (Tex.Civ.App. 1976), writ ref'd n.r.e., 544 S.W.2d 378 (Tex. 1976); *Mooneyhan v. Benedict,* 284 S.W.2d 741, 745 (Tex.Civ.App.1955, writ ref'd n.r. e.).

This Court has recently determined that when the district court has reversed an agency order on erroneous grounds, this Court will not address other asserted grounds for invalidating the agency order, not addressed by the district court, even though this might expedite the ultimate termination of litigation; rather, we will remand to the district court for consideration of such grounds. *City of Sanger v. Miller,* 664 S.W.2d 819, 821–22 (Tex.App. 1984, no writ); *but see First Federal Savings & Loan Ass'n of New Braunfels v. Lewis,* 561 S.W.2d 38, 42 (Tex.Civ.App. 1978, writ ref'd n.r.e.). In *Sanger,* this Court emphasized that:

[i]t is not the order of the Commissioner, but instead it is the judgment of the district court which this Court reviews for error. An appellate court may reverse the judgment of the lower court only for error in the judgment. *Chevalier v. Lane's, Inc.,* 147 Tex. 106, 213 S.W.2d 530 (1948).

It has been asserted that this Court lacks *power* to pass on asserted grounds for invalidation of an agency order that were not passed upon by the district court, because to do so would be to render an unconstitutional advisory opinion. *New Braunfels, supra* at 47 (Shannon, J., dissenting).

■ As noticed by Justice Chadick, when faced with assertion of multiple grounds

for invalidation of an agency order, and for reversing a judgment upholding such order, the Supreme Court has sometimes decided more grounds than necessary to dispose of an appeal, probably to expedite the termination of litigation. But what Dallas asks this Court to do is far different. Except for its first four points of error, Dallas does not ask this Court to alter the district court's judgment reversing the order and remanding the proceedings to the agency. Rather, Dallas asks this Court to decide many of the legal issues addressed by the Commission in calculating the rates in question, to instruct the agency regarding which of these issues the Commission resolved correctly, and which of them the Commission resolved incorrectly, and to limit the scope of the remand to the latter issues. We decline to do so. We do not sit to give legal advice to agencies, but only to decide whether judgments of lower courts must be reversed or modified by virtue of errors of law committed by these courts and properly preserved and presented on appeal to this Court. *Sanger, supra.*

Even if our decision should be governed by balancing of the needs to preserve the resources of the parties, the Commission, and the judiciary, we are not at all convinced that the most efficient course would be to accede to Dallas' request. Dallas asks us to resolve legal questions that are complicated and of fundamental importance in rate-making proceedings. Such resolution would demand the expenditure of a considerable amount of our time, which is quite scarce. If we did so, we could only give instructions to the Commission on remand. Even without such instructions, the Commission might not resolve many of the legal questions raised by Dallas in the manner that it did the first time. In that event, our expenditure of time in addressing these questions would be extremely wasteful. Also, even with such instructions, this Court, of course, cannot dictate the result to be reached by the Commission, and it is quite possible that the Commission's second order would be judicially reviewed once again. All things considered, the most efficient course to be taken would seem to be to affirm the trial court's judgment so as to

return the proceedings to the Commission as quickly as possible.

■ Had Dallas desired to obtain additional guidance regarding the legal issues to be addressed by the Commission on remand, Dallas could have requested the district court to file conclusions of law. Tex. R.Civ.P.Ann. 296 (Supp.1984); *see Texas Real Estate Comm. v. Hinde,* 627 S.W.2d 537, 539 (Tex.App.1982, no writ); *Galveston Bay Conservation and Presentation Ass'n v. Texas Air Control Bd.,* 586 S.W.2d 634, 639 (Tex.Civ.App.1979, writ ref'd n.r.e.). However, even assuming it would have been proper for the district court to do so, the district court would not have been *required* to rule on issues unnecessary to the disposition of the cause. *Del Rio, supra.*

■ If the judgment of the district court were to be read as limiting the remand to reconsideration of the issues specifically named therein, then Dallas' points raising other errors of the Commission could be viewed as attacking the judgment, particularly the limited scope of the remand. However, both Dallas and Farmers Branch agree that the judgment does not limit the Commission's rehearing and reconsideration to the issues named therein, but instead directs rehearing and reconsideration of the entire dispute. We agree.

Indeed, Dallas complains that the remand should have been limited to those issues in which Dallas believes the Commission erred. The court was not required to do so. *Tex. Health Fac. Com'n v. Nueces County,* 581 S.W.2d 768 (Tex.Civ.App.1979, writ ref'd n.r.e.). All of Dallas' points of error are overruled except for the first four to which we now turn.

The Commission's order ends as follows:

The Commission finds that the rates as well as the rate base set for the test year 1972 will be applied for the period beginning April 30, 1973 through December 31, 1974. This order is final as to the period ending December 31, 1974. Because of the lack of evidence in the record for the years 1975 and 1976 cou-

pled with the fact that 1975 and 1976 were highly inflationary periods compels [sic] the Commission to reopen the hearings to receive additional evidence concerning the years 1975 and 1976. After receipt of additional evidence the Commission will issue its supplemental order providing for reasonable water rates for 1975 and 1976 based on actual operation and maintenance expenses and the 1972 rate base supplemented by any appropriate additions or deletions to the 1972 rate base which occurred during the period 1972 through 1976. Such expense and capital items shall be considered together with actual water consumption during the years 1975 and 1976 to arrive at just and equitable water rates to be charged to Customer Cities for the years 1975 and 1976.

NOW, THEREFORE, BE IT ORDERED BY THE TEXAS WATER RIGHTS COMMISSION that the City of Dallas shall continue to serve water to Farmers Branch and Grand Prairie at the rates set out above.

FURTHER, BE IT ORDERED THAT the City of Dallas shall implement practices in dealing with Farmers Branch and Grand Prairie that are consistent with the terms and conditions of this order.

FURTHER, BE IT ORDERED THAT the parties shall make restitution as necessary based upon the findings and conclusions found herein and shall make a final report of such settlements within a reasonable time after the signing of this order.

Dallas contends that the Commission's order was not final and appealable, and that the district court should have dismissed the appeal rather than reversing the order and remanding the proceedings to the Commission.

In its cross-point, Farmers Branch contends that the trial court lacked jurisdiction to order the Commission to set rates for water service for the years 1975 and 1976. Farmers Branch argues that the above quoted order "effectively severed rate years 1975 and 1976," and that "[r]ate years 1975 and 1976 are not before the trial court since the order over which the trial court has jurisdiction did not proport [sic] to set rates for years 1975 and 1976." Additionally, Farmers Branch contends that the district court "substituted its discretion for that of the Commission in attempting to fix the rate-making periods that would be governed by a Commission established rate."

In a previous appeal of the Commission's order, the district court set aside the Commission's order as beyond the Commission's statutory jurisdiction. This Court held that the Commission had jurisdiction to set the rates in question, and reversed the judgment and remanded the cause to the district court "for trial on the merits." *Texas Water Rights Comm. v. City of Dallas*, 591 S.W.2d 609 (Tex.Civ. App.1979, writ ref'd n.r.e.). Implicit in our decision and the Supreme Court's refusal of the application for writ of error for lack of reversible error was the holding that the Commission's order was final and that the reviewing courts had jurisdiction. *Hooks v. Texas Dept. of Water Resources*, 645 S.W.2d 874, 884 (Tex.App.1983, writ ref'd n.r.e.). The Commission's order effectively severed the question of the reasonableness of the 1973 and 1974 rates, and entered a final order fixing those rates and directing that refunds be made accordingly. *Big Three Industries, Inc. v. Railroad Commission*, 618 S.W.2d 543, 545–46 (Tex. 1981). We also hold that the district court had jurisdiction to remand the proceeding to the Commission for the purpose of setting rates for the period beginning April 30, 1973 and ending at the end of 1976. Liberally construed, Dallas' pleadings complain not only of the rates fixed for 1973 and 1974, but also of the Commission's action on the entire proceeding before it, including its action in fixing the 1973 and 1974 rates separately from the 1975 and 1976 rates. Having found reversible error in the proceedings, the court was not required to limit the scope of its remand in the manner contended for by Farmers Branch. We do not interpret the trial court's judgment as requiring the Commission to fix rates for any particular time period. The Commission's further decision

in this regard will be reviewable on any subsequent appeal.

Dallas' first four points of error and the cross-point of Farmers Branch are overruled and the judgment is affirmed.