**COMMON CARRIER MOTOR FREIGHT ASSOCIATION, INC., et al., Appellants,**

v.

**RAILROAD COMMISSION OF TEXAS, Appellee.**

**No. 14119.**

Court of Appeals of Texas, Austin.

Oct. 2, 1985.

Rehearing Denied Nov. 20, 1985.

---

Frank C. Brooks, Barry J. Brooks, Brooks & Brooks, Dallas, for Common Carrier Motor Freight.

John R. Whisenhunt, Robinson, Felts, Starnes, Angenend & Mashburn, Austin, for Cent. Freight Lines, Inc.

Jim Mattox, Atty. Gen., Stephen J. Davis, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

GAMMAGE, Justice.

Common Carrier Motor Freight Association and eight of its members appeal from the judgment of the trial court reviewing certain orders of the Railroad Commission. The trial court affirmed the order of the Commission. We will reverse the judgment of the trial court and remand the cause.

Common Carrier Motor Freight Association is an organization comprised of long-haul motor freight carriers. It and eight of its members sought, pursuant to Tex. Rev.Civ.Stat.Ann. art. 911b (1964), a general revenue increase in the line-haul rates and minimum charges to be collected for transportation services. At the conclusion of the Commission proceedings on this application, the Commission granted the carriers a rate increase, but a smaller rate increase than the carriers contend is reasonably justified.

Through nineteen points of error, the carriers contend that the trial court erred in affirming the Commission's order, because the Commission erroneously excluded certain expenses from its calculation of the respective carriers' rate bases, which are properly calculated on the basis of the carriers' expenses of operation. In calculating the rate base, the Commission classified certain long-term leases in which several of the carriers leased trucks and trailers as capital expenses, not as operating expenses, and therefore not entitled to consideration as costs of operation. The carriers' ultimate contention is that the Commission erred in classifying these leases as capital leases, and that there is not substantial evidence in the record of the Commission proceedings to support this classifi-

cation of the leases as capital expenses of the respective carriers.

An interim proposal for decision, prepared by the hearings examiner, suggested that these lease payments be considered capital expenses and not operating expenses. In the Commission proceedings that followed this interim proposal the carriers produced testimony by several certified public accountants, testifying as expert witnesses, that these expenses were operating expenses and not capital expenses. The Commission concedes that there is no evidence in the record to support its characterization of these leases. It relies entirely upon its purported judicial notice of federal transportation regulations and "generally accepted accounting principles used by regulatory agencies." The Commission argues that this officially noticed information, combined with the agency's "expertise" in setting motor freight charges, excuses it from the necessity of providing record evidence upon which to base its proposed rate.[1] We disagree.

■ It is well settled that an agency's exercise of its expertise must be supported by substantial evidence in the record. *Texas Health Facilities Commission v. Nueces County Hospital District*, 581 S.W.2d 768 (Tex.Civ.App.1979, no writ). The Commission's expertise is not a substitute for proof. *Railroad Commission of Texas v. Lone Star Gas Company*, 611 S.W.2d 908 (Tex.Civ.App.1981, writ ref'd n.r.e.). Likewise, judicially noticed information, standing alone and without supporting evidence in the record, is not a substitute for proof. *See Railroad Commission of Texas v. Lone Star Gas Company*, 611 S.W.2d 911 (Tex.Civ.App.1981, writ ref'd n.r.e.).

■ While it is clear that the agency does possess expertise in setting motor freight tariffs, it is not equally clear that the Commission possesses expertise in accounting. We are unable to hold that the agency possesses sufficient expertise in ac-

counting to determine what is or is not a "generally accepted accounting principle," especially in view of controverting testimony by six expert witnesses. We are likewise unable to hold that, absent evidence in the record, the agency possesses sufficient expertise to determine the characterization to be given these leases by the federal transportation regulatory agencies. Appellants' first point of error is sustained and the judgment of the trial court is reversed. The cause is remanded to the trial court with instructions that it be remanded to the Commission for further proceedings.

In one cross-point of error, the Commission contends that the trial court, and this Court, lack jurisdiction to hear this administrative appeal. The Commission bases its contention upon the following pertinent provision of the Texas Administrative Procedure and Texas Register Act, Tex.Rev. Civ.Stat.Ann. art. 6252–13a § 16(c) (Supp. 1985):

> If an agency finds that an imminent peril to the public health, safety, or welfare requires immediate effect of a final decision or order in a contested case, it shall recite the finding in the decision or order as well as the fact that the decision or order is final and effective on the date rendered, in which event the decision or order is final and appealable on the date rendered and no motion for rehearing is required as a prerequisite for appeal.

■ The Commission certified its order in this cause as an imminent peril order. Nevertheless, the carriers sought a rehearing on this order. The Commission contends that, despite the carriers' motion for rehearing in the Commission, the time period to appeal to the trial court commences upon the date of its order, rather than upon the date of the overruling of the motion for rehearing. We disagree. Common Carrier correctly asserts that § 16(c) does not prevent it from seeking rehearing before the Commission, but only excuses it

---

1. The Commission does *not* argue that the agency hearing, although couched as an adjudicative contest, was in truth a rule-making proceeding wherein its resulting order promulgating, in effect, a rule characterizing certain expenses for

rate determination does not, and need not, rest upon specific record proof. *See State Bd. of Ins. v. Deffebach*, 631 S.W.2d 794 (Tex.App.1982, writ ref'd n.r.e.).

from seeking rehearing from the Commission if it so chooses. We reject the Commission's proffered construction of this section and overrule its cross-point of error.