Tony B. ROLING, Appellant,

v.

Mrs. Harold (Gertrude) McGEORGE, et al., Appellees.

No. 1554.

Court of Appeals of Texas, Tyler.

Jan. 20, 1983.

Rehearing Denied Feb. 17, 1983.

James P. Kelley, McFarland, Carroll, Kelley & Freeman, Tyler, for appellant.

Earl Sharp, Sharp, Ward, Ross, McDaniel & Price, Longview, for appellees.

## OPINION

COLLEY, Justice.

This is a summary judgment case. Appellant (plaintiff) brought suit against appellees (defendants) for specific enforcement of an alleged written contract for the sale of lands by appellees to appellant. In his prayer for relief set forth in his original petition appellant sought judgment "ordering defendants herein to execute and deliver to plaintiff a sufficient conveyance of . . . the hereinabove described property . . . ."

Appellees filed their motion for summary judgment alleging:

### I.

This is a suit filed by the Plaintiff, TONY ROLING, alleging that he purchased real property in Gregg County, Texas, consisting of Tracts One and Two, County Block 370. Defendants file herein the deposition of the Plaintiff which with the Affidavit of J. BROOKE AKER show that no sale of any kind or character as to any land ever took place either in whole or in part and that Defendants never executed any deeds or conveyances to the Plaintiff nor did they consent or make an oral sale since none of them ever talked to him.

### II.

J. BROOKE AKER'S Affidavit shows that the only way in which the land could be sold was by the unanimous consent and joinder of all of the parties, which consent and joinder was never obtained by TONY ROLING; that, therefore, TONY ROLING who has entered upon the property wrongfully and is guilty of trespass should be evicted and ejected therefrom; and this alleged lawsuit should be removed as any cloud on the title of the Defendants.

Appellant's response inter alia to the appellees' motion for summary judgment was to the effect that the motion for summary judgment stated no basis for granting the summary judgment prayed for by appellees against appellant's cause of action.

The trial court having heard appellees' motion for summary judgment on February 27, 1981, granted same and signed the take-nothing summary judgment against appellant on May 14, 1981. Appellant raises five points of error.

Point two asserts that the trial court erred in granting the motion for summary judgment on the grounds set forth therein.

■ Appellees, in order to be entitled to a summary judgment in this action, had the burden of showing as a matter of law that there was no genuine issue of fact as to at least one essential element of appellant's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970). Since the 1978 amendments to Section (c) of Rule 166–A, Tex.R.Civ.P., the specific grounds (or reasons) supporting the rendition of the summary judgment sought must be set forth in the motion for summary judgment, and issues not so presented cannot be considered on appeal in support of the summary judgment. *Vendig v. Traylor*, 604 S.W.2d 424 (Tex.Civ.App.—Dallas 1980, reh. den., writ ref'd n.r.e.).

■ The allegations contained in appellees' motion for summary judgment do not

allege facts, which if true, would defeat appellant's cause of action for specific enforcement of a written contract of sale of real estate. Appellees merely allege in such motion that "no sale of any character ever took place" and that appellees never signed a deed or conveyance or consented to or made an oral sale, and that the only way that the property could be sold was by unanimous consent and joinder of all the parties, which joinder and consent was not obtained.

As earlier stated herein, appellant excepted to the motion on the grounds that the appellees' motion for summary judgment stated no basis for rendition of summary judgment against appellant, given the nature of appellant's cause of action of specific performance. The record demonstrates that following the entry of the summary judgment, and within thirty days from the date of the signing of the summary judgment by the trial judge, appellant filed a motion for new trial, reurging his exception, albeit somewhat vague, that the grounds stated in appellees' motion for summary judgment were insufficient to support the summary judgment sought. The trial judge overruled the motion.

Appellees argue on appeal in response to appellant's point two that the summary judgment should be sustained because ". . . there was no evidence of agreement for or any contract of sale, since there was no acceptance of an offer from appellant by appellees." This issue (or ground) was not contained in appellees' motion for summary judgment and cannot be considered by us in this appeal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); *Combs v. Fantastic Homes, Inc.*, 584 S.W.2d 340 (Tex.Civ.App. —Dallas 1979) reh. den., writ ref'd n.r.e., per curiam, 596 S.W.2d 502 (Tex.1979).

Since the rendition of the summary judgment on the grounds specified in appellees' motion was improper, point two is sustained and the judgment is reversed and the cause remanded.