**CITY OF SANGER, et al., Appellants,**

v.

**Henry MILLER, et ux., Appellees.**

**No. 13883.**

Court of Appeals of Texas,
Austin.

Jan. 25, 1984.

Brent W. Ryan, Booth, Lloyd and Simmons, David J. Preister, Asst. Atty. Gen., Austin, for appellants.

W. Thomas Buckle, Scanlan, Buckle & Fleckman, Austin, for appellees.

Before SHANNON, POWERS and BRADY, JJ.

SHANNON, Justice.

The City of Sanger and the Texas Department of Health appeal from the judgment of the district court of Travis County which declared, in effect, that dissatisfied parties are entitled to take an intra-agency appeal from the order of the Commissioner of Health to the Texas Board of Health. Appellees are Henry Miller and Bettie Miller, husband and wife. This Court will reverse the judgment.

The City of Sanger filed an application for a Type II municipal landfill permit pursuant to Section 4(e) of the Texas Solid Waste Disposal Act. The proposed site for the facility consists of about twenty-five acres in Denton County near the city limits of Sanger. Appellees own property adjacent to the proposed facility site.

After hearing, the Commissioner on October 28, 1981, signed an order granting a permit for the proposed facility. After the Commissioner denied their motion for rehearing, appellees prepared and filed a pleading denominated "Appeal To The Board of The Texas Department of Health." The Board refused to file and docket appellees' "appeal" but instead noted that it had been "received." The Board then wrote appellees referring to its formal action taken on May 20, 1978, delegating by rule to the Commissioner the "authority to grant, deny, suspend, revoke and amend solid waste permits for the operation of solid waste disposal sites within the state pursuant to Article 4477–7, V.C.S." By the act of delegation the Board authorized the Commissioner to render final orders on behalf of the Texas Department of Health and the Board in those administrative actions wherein those orders constituted final departmental "and/or" Board action for the

purpose of exhaustion of administrative remedies.

Appellees filed suit in the district court of Travis County seeking a declaration from the court that the delegation of authority to the Commissioner to render final orders granting or denying applications for solid waste permits was void as being without statutory authorization. Appellees further sought a declaration from the court that the Commissioner's order was not a final agency order and not subject to judicial review until appellees had been allowed to appeal the order to the Board. In addition, appellees sought judicial review of the Commissioner's order.

After hearing, the district court rendered judgment on September 8, 1982, declaring invalid the rule of the Board authorizing the Commissioner to render final orders without the opportunity to appeal those orders to the Board. The judgment declared further that the Commissioner's order granting the permit to the City of Sanger was not a final agency order because appellees were deprived of their right to appeal the order to the Board. The district court remanded the matter to the agency and, accordingly, did not review the merits of appellees' agency appeal.

Thereafter, and effective May 17, 1983, the Legislature in S.B. 98 re-affirmed the Commissioner's authority to render final orders on behalf of the Board and further ratified any prior delegation of authority by the Board to the Commissioner to perform any duties, acts, or functions, including the power to make final orders and decisions. 1983 Tex.Gen.Laws, ch. 109, §§ 1 and 2 at 525, 526.

Appellants urge that S.B. 98 ratified the Board's delegation of the power to the Commissioner to render final orders for the agency in solid waste landfill proceedings irrespective of the state of the law at the time of the agency proceeding. This Court agrees.

It is basic law that the Legislature is empowered to ratify acts performed by agents of the state even though such acts were performed without authority, provided the Legislature was empowered to authorize the acts in the first instance and the Legislature has, in fact, stated its intent to ratify. *Burch v. City of San Antonio,* 518 S.W.2d 540, 544 (Tex.1975). It is plain in this case that the Legislature had the power in the first instance to authorize the Board to delegate to the Commissioner the right to render final orders in solid waste landfill proceedings.

Appellees suggest that S.B. 98 should not be applied to this case because they had obtained a judgment in district court invalidating the Commissioner's order before the time S.B. 98 became effective. It should be observed that the district court judgment was not final and was, in fact, on appeal to this Court at the effective date of S.B. 98. Laws may not operate retroactively to deprive or impair vested substantive rights acquired under existing laws, or create new obligations, impose new duties, or adopt new disabilities in respect to past transactions. Conversely, no litigant has a vested right in a statute or rule which affects a remedy or is procedural in nature and which affects no vested substantive right. *Ex Parte Abell,* 613 S.W.2d 255 (Tex.1981). This Court has no difficulty in concluding that Section 2 of S.B. 98 affects a remedy or is procedural in nature. Upon the authority of *City of Mason v. West Texas Utilities Co.,* 150 Tex. 18, 237 S.W.2d 273 (1951), we have concluded also that Sec. 2 of S.B. 98 should be applicable to the case on appeal. In *City of Mason,* the Supreme Court sustained legislative ratification of a franchise granted to a utility company although it had been judicially determined that the franchise had been granted by a commissioners' court which did not have authority to grant the franchise.

Appellees assert three cross-points of error complaining of the Commissioner's order. As previously written, the district court did not pass on the merits of appellees' agency appeal. We will not consider the cross-points for the following reason. It is not the order of the Commissioner, but instead it is the judgment of the district

court which this Court reviews for error. An appellate court may reverse the judgment of the lower court only for error in the judgment. *Chevalier v. Lane's, Inc.,* 147 Tex. 106, 213 S.W.2d 530 (1948). It follows that "no matter can be passed upon in review that was not previously passed upon below, for there can be no error without an adjudication." Sunderland, The Problem of Appellate Review, 5 Texas L.Rev. 126, 140 (1927). The rule is hardly novel, for in 1816 Chancellor Kent observed, "The very theory and constitution of a court of appellate jurisdiction ... is the correction of errors which a court below may have committed; and a court below cannot be said to have committed an error when their judgment was never called into exercise, and the point of law was never taken into consideration." *Gelston v. Hoyt,* 13 Johns. 561 (N.Y.1816); accord, *Smith v. Texas Co.,* 53 S.W.2d 774, 779 (Tex.Com. App.1932); *Van Hoose v. Moore,* 441 S.W.2d 597, 619 (Tex.Civ.App.1969, writ ref'd n.r. e.); *Wade v. Galveston, H. & S.A. Ry. Co.,* 110 S.W. 84 (Tex.Civ.App.1908, writ ref'd).

The judgment is reversed and the cause is remanded to district court for review of the Commissioner's order.