**BROOKS FASHION STORES, INC., Appellant,**

v.

**NORTHPARK NATIONAL BANK, Appellee.**

No. 05–84–00429–CV.

Court of Appeals of Texas, Dallas.

April 3, 1985.

Rehearing Denied April 29, 1985.

Patrick F. McManemin, Jane White, Dallas, for appellant.

Nathan Allen, Jr., Dallas, for appellee.

Before GUILLOT, DEVANY and WILLIAMS[1], JJ.

DEVANY, Justice.

Brooks Fashion Stores, Inc., sued Northpark National Bank for loss of a bag of jewelry deposited with the bank. Brooks

---

1. The Honorable Claude Williams, Chief Justice, Court of Civil Appeals, Fifth Supreme Judicial District of Texas at Dallas, Retired, sitting by assignment pursuant to TEX.REV.CIV.STAT. ANN. art. 1812 (Vernon Supp.1985).

alleged violation of the Deceptive Trade Practices Act and later also claimed breach of contract and conversion. The trial court granted summary judgment for the bank based on the statutes of limitations. We agree that the summary judgment was proper with respect to the claims for deceptive trade practices and conversion, but we reverse and remand for trial of the cause of action for breach of contract.

## I. *Facts*

Because Brooks appeals the trial court's rendition of summary judgment, we accept as true all evidence tending to support its position. *Fisher v. Beach,* 671 S.W.2d 63, 66 (Tex.App.—Dallas 1984, no writ); *Morgan v. Pool Co.,* 641 S.W.2d 370, 371 (Tex. App.—Dallas 1982, writ ref'd n.r.e.). Brooks, which owns several dress stores, maintains an outlet at Dallas' Northpark Mall. On January 16, 1981, two Brooks employees placed certain jewelry items in a night deposit bag and delivered it to one of the tellers at the bank during normal business hours. The teller accepted the bag, agreed to keep it until Brooks requested it, and issued a written receipt.[2] Six days later,[3] the bank notified Brooks that the jewelry could not be located.

The bank then filed a claim with its insurer to reimburse Brooks for the jewelry's value. Responding to the bank's letter requesting information about the loss, a Brooks representative stated that the jewelry was removed from the store "solely for safekeeping." In September 1981, the bank notified Brooks that it would not pay for the lost jewelry.

The following year, the supplier of the jewelry sued Brooks in Florida to recover its value. The record does not reveal this action's outcome; however, on March 4, 1983, Brooks demanded in writing that the bank pay Brooks for the value of the jewelry and its legal expenses resulting from the jewelry's loss. The bank refused and Brooks initiated the present suit on May 24, 1983, alleging that the bank breached express warranties and made false, misleading representations in violation of section 17.46(b) of the Deceptive Trade Practices—Consumer Protection Act.[4] TEX. BUS. & COM.CODE ANN. § 17.46(b) (Vernon Supp.1985).

The bank answered with a general denial and the affirmative defense that limitations barred Brooks' D.T.P.A. action. It later moved for summary judgment on the basis of this affirmative defense. Brooks then supplemented its petition to allege that the bank breached the night depository service contract and converted the jewelry. After filing the supplemental petition, Brooks responded to the bank's summary judgment motion.

The trial court ordered a November 9 hearing on the motion. The record does not reflect whether the trial court entertained the bank's motion on that date. Brooks did not contest the bank's argument that trial court heard its motion on that date. Both agree that another hearing was held on January 10, 1984. On December 30, 1983, Brooks filed its first amended original petition alleging for the first time that the bank breached a bailment contract in addition to the breach of the night deposit contract, conversion and D.T.P.A. actions pleaded in its original and supplemental petitions. Four days later, Brooks filed its affidavit opposing the rendition of summary judgment. On January 10, 1984, the trial court again heard the

---

**2.** The bank objected to this statement in Brooks' brief on the ground that Brooks neither pleaded nor presented evidence that the bank issued a receipt in the trial court. This objection is meritless because the second paragraph of Brooks' original petition plainly alleged that the bank issued a receipt. Accordingly, we accept that statement as correct. TEX.R.CIV.P. 419.

**3.** Although Brooks admits that it was notified "several days" after delivering the jewelry to the

bank, it did not state the specific date in its brief. However, in an affidavit supporting the summary judgment motion, the bank claimed that on January 22, 1981, it informed Brooks that the jewelry could not be located. Since Brooks does not contest this statement, we assume it to be correct for the purpose of this opinion.

**4.** Hereinafter referred to as D.T.P.A.

bank's motion and thereafter rendered summary judgment.

## II. *Issues and Evidence Presented*

■ The bank contends that the trial court could not properly consider Brooks' amended petition alleging for the first time that the bank breached an oral bailment contract or its affidavit opposing the summary judgment motion because both were filed after the November 9 hearing without the trial court's permission. We disagree. The trial court's judgment recites that it heard the motion on January 10, 1984, rather than November 9, 1983. In the absence of a nunc pro tunc order, we must consider the hearing to have been held on the date recited in the judgment. *Horne v. Charter National Insurance Co.*, 614 S.W.2d 182, 184 (Tex.Civ.App.—Fort Worth 1981, writ ref'd n.r.e.).

When January 10 is taken as the day of the hearing, the amended petition, filed December 30, was untimely under Dallas' local rules. DALLAS CIV.CT.R. 1.9. Also, the opposing affidavit, filed January 7, was untimely under rule 166–A(c). TEX.R. CIV.P. 166–A(c). However, the bank did not file a motion to strike either of these documents, nor did the court strike them sua sponte. Consequently, the bank may not now contend that they were not properly before the trial court when it ruled on the bank's motion. *Jones v. Houston Materials Co.*, 477 S.W.2d 694, 695–96 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ); *see also Amoco Production Co. v. Thompson*, 657 S.W.2d 824, 827–28 (Tex. App.—Corpus Christi), *rev'd on other grounds sub nom. Ideal Lease Service, Inc. v. Amoco Production Co.*, 662 S.W.2d 951 (Tex.1983).

The bank next argues that, even if the amended petition was timely filed, we could not reverse its summary judgment on the ground that limitations did not bar Brooks' action for breach of an oral bailment contract because Brooks did not raise that issue in its response to the motion as required by Rule 166–A(c). This contention is without merit because a "non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient *as a matter of law* to support summary judgment." *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979) (emphasis in original).

■ Accordingly, even if Brooks had filed no response, it would still be entitled to argue on appeal that the bank's motion is insufficient to show that the actions presented to the trial court were barred by limitations. Since the amended pleading was before the trial court, Brooks may contend on appeal that limitations did not preclude any cause of action alleged in its amended petition.

## III. *Limitations*

We now turn to the issue of whether the bank's grounds for summary judgment are insufficient as a matter of law to support the trial court's judgment. This motion rested on two grounds. The bank first contended that, because Brooks' action was for "detaining personal property ... or taking its goods and chattels, it ... must be brought within two years after the cause of action accrued." TEX.REV.CIV.STAT. ANN. art. 5526 (Vernon Supp.1985). The bank also argued that Brooks' D.T.P.A. claim was barred by section 17.56A of that act. TEX.BUS. & COM.CODE ANN. § 17.-56A (Vernon Supp.1985). The bank presented no other grounds supporting its motion.

### A. *Breach of Contract*

In its first four points of error, Brooks argues that it had four years to bring suit because its action was based on the bank's breach of either a bailment or deposit contract. In response, the bank argues that, if this transaction was a deposit, Brooks cannot sue on breach of the written night deposit contract because it is legally inapplicable to the transaction which gave rise to this lawsuit. The bank also argues that, if this transaction was a bailment rather than a deposit, Brooks has no breach of contract action because the promise, if any,

to keep the jewelry was not supported by consideration.

■ The bank did not raise these contentions in its motion; therefore, we may not decide them because summary judgment cannot be supported on appeal by grounds not presented to the trial court in the motion. *Roling v. McGeorge,* 645 S.W.2d 886, 887 (Tex.App.—Tyler 1983, no writ); *see also Vendig v. Traylor,* 604 S.W.2d 424, 430 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.).

■ Brooks argues that placing the jewelry in the night deposit bag and leaving the bag in the bank's custody constituted a "deposit" under the terms of either its night depository service contract with the bank or under its oral agreement with the teller. From this assertion, Brooks concludes that the limitations period specified by the statute governing suits for breach of a deposit contract should govern our decision whether its suit for breach of contract is barred by limitations.

TEX.REV.CIV.STAT.ANN. art. 342–701 specifies the limitations period in suits for breach of deposit contracts. The version of that article in effect in January 1981 provided that "[t]he contract of deposit between a bank and a depositor ... shall be deemed a contract ... within the purview of article 5527...." Texas Banking Code of 1943, ch. 97, ch. VII, art. 7, 1943 Tex. Gen.Laws 127, 157, *amended by* Act of June 15, 1971, ch. 947, § 2, 1971 Tex.Gen. Laws 2875, 2876, *amended by* Act of June 19, 1983, ch. 525, § 1, 1983 Tex.Gen.Laws 3056. Under article 5527, limitations bars a cause of action if suit is not filed within four years after the cause of action accrues. TEX.REV.CIV.STAT.ANN. art. 5527 (Vernon Supp.1985).

The bank argues that this version of article 342–701 is inapplicable to the present case because only negotiable instruments and cash, not tangible personal property, can be the object of a deposit contract. However, we need not decide whether this transaction is a "deposit" under that statute because the issue on appeal is *not* whether article 5527 or article 342–701 properly governs,[5] but whether limitations under article 5526 precluded suit later than two years after the cause of action accrued. We hold that it does not.

"Actions for debt" must be "commenced and prosecuted within four years after the cause of action ... accrued." TEX.REV. CIV.STAT.ANN. art. 5527 (Vernon Supp. 1985). The phrase, "actions for debt," has been liberally construed to embrace actions for money damages for breach of contract, whether the contract was oral, *Owen v. King,* 130 Tex. 614, 111 S.W.2d 695, 696 (1938); *Walter A. Wood Mowing & Reaping Machine Co.,* 23 S.W. 384, 385 (Tex. Civ.App.1893, no writ), or written. *International Printing Pressmen and Assistant's Union of North America v. Smith,* 145 Tex. 399, 198 S.W.2d 729, 737 (1946); *accord, Rose v. First State Bank of Paris,* 122 Tex. 298, 59 S.W.2d 810, 811 (1933); *Texarkana & Fort Smith Railway Co. v. Houston Gas & Fuel Co.,* 121 Tex. 594, 51 S.W.2d 284, 286 (1932); *Gordon v. Rhodes & Daniel,* 102 Tex. 300, 116 S.W. 40, 41–42 (1909); *Robinson v. Varnell,* 16 Tex. 382, 389–90 (1856); *Miller v. Kountze Corporate School District,* 54 S.W.2d 344, 348 (Tex.Comm'n App.1932, holding approved).

---

5. The 1983 amendments to article 342–701 did not affect its provision that a cause of action for breach of a deposit contract does not accrue until the bank notifies the depositor that it has denied liability. *See* TEX.REV.CIV.STAT.ANN. art. 342–701 (Vernon Supp.1985); *see also* Texas Banking Code of 1943, ch. 97, ch. VII, art. 7, § 2, 1971 Tex.Gen.Laws 2875, 2876 (amended 1983). In contrast, a cause of action for breach of contract generally accrues on the date of the breach. *Hurbrough v. Cain,* 571 S.W.2d 216, 221 (Tex.Civ.App.—Tyler, no writ); *Shipp v.*

*O'Dowd,* 454 S.W.2d 845, 847 (Tex.Civ.App.— Waco, writ ref'd n.r.e.). However, the distinction between the general rule and article 342–701 is immaterial in the present case because it is undisputed that Brooks filed suit within four years of the earliest date that contract, if any, could have been breached. Consequently, we need not decide whether only money or negotiable instruments can be the subject of a deposit contract for the breach of which article 342–701 would delay the accrual of a cause of action.

Before August 27, 1979, article 5526 barred suits for breach of oral contracts if not commenced within two years after the cause of action accrued, whereas the version of article 5527 then in effect allowed suits on written contracts up to four years after the cause of action accrued. However, the legislature eliminated the distinction between oral and written contracts when it amended both statutes. *See* Tex. H.B. 412, 66th Leg., 1979 Tex.Gen.Laws 1768. All reference to "actions for debt" was removed from article 5526 and is now contained only in article 5527 without any mention of contracts in writing or otherwise. TEX.REV.CIV.STAT.ANN. arts. 5526, 5527 (Vernon Supp.1985).

By its continued use of "actions for debt," the legislature presumably intended this phrase to convey the same meaning which the supreme court attributed to it in both of the previous limitation provisions. *See Hart v. Winsett,* 141 Tex. 312, 171 S.W.2d 853, 855 (1943). Since an action for damages caused by breach of contract is an "action for debt," it is not barred by limitations until four years after the cause of action accrued. *See Andrews v. Cohen,* 664 S.W.2d 826, 829 (Tex.App.—Tyler 1984, writ ref'd n.r.e.). Accordingly, we sustain Brooks' first four points of error by holding that article 5526 does not bar its breach of contract actions.

### B. *D.T.P.A. Violation*

In its fifth point of error, Brooks also complains of the trial court's summary judgment that the two year limitations provision in section 17.56A of the Act precluded its suit for D.T.P.A. violations. In support of this contention it cites *Jim Walter Homes, Inc. v. White,* 617 S.W.2d 767 (Tex. Civ.App.—Beaumont 1981, no writ); *Jim Walter Homes, Inc. v. Castillo,* 616 S.W.2d 630 (Tex.Civ.App.—Corpus Christi 1981, no writ); and *Jim Walter Homes, Inc. v. Chapa,* 614 S.W.2d 838 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). We find these cases inapplicable because all involved causes of action accruing *before* August 27, 1979, the effective date of section 17.56A.

Until section 17.56A was enacted, the D.T.P.A. contained no limitations provision. *See* Deceptive Trade Practices—Consumer Protection Act, ch. 143, § 1, 1973 Tex.Gen. Laws 322, *amended by* Act of April 24, 1975, ch. 62, § 1, 1975 Tex.Gen.Laws 149, *amended by* Act of May 23, 1977, ch. 216, § 1, 1977 Tex.Gen.Laws 600, *amended by* Act of June 13, 1979, ch. 603, § 1, 1979 Tex.Gen.Laws 1327, *amended by* Act of June 8, 1981, ch. 307, § 1, 1981 Tex.Gen. Laws 863, *amended by* Act of June 19, 1983, ch. 883, § 1, 1983 Tex.Gen.Laws 4943. Therefore, the courts relied on other statutes and case law to determine the applicable limitations period. Curry, *The 1979 Amendments to The Deceptive Trade Practices—Consumer Protection Act,* 32 BAYLOR L.REV. 51, 77 (1980); *see, e.g., Miller v. Dickenson,* 677 S.W.2d 253, 257–58 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). Consequently, for those causes of action which arose from a written contract and accrued *before* August 27, 1979, the courts held that the version of article 5527 in effect at the time the cause of action accrued permitted suit up to four years later. *Gibbs v. Main Bank of Houston,* 666 S.W.2d 554, 558 (Tex.App.—Houston [1st Dist.] 1984, no writ); *White,* 614 S.W.2d at 771; *Castillo,* 616 S.W.2d at 633; *Chapa,* 614 S.W.2d at 840–41; *Holified v. Coronado Building, Inc.,* 594 S.W.2d 214, 216 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). For actions involving breach of oral contracts or fraud, the courts applied to D.T.P.A. litigation those limitations statutes governing the analogous actions at common law. *See, e.g., Marcotte v. American Motorists Insurance Co.,* 709 F.2d 378, 379–81 (5th Cir. 1983) (applying two year limitations statute to breach of oral contract suit); *Castillo,* 616 S.W.2d at 630 (applying discovery rule to determine when fraudulently concealed actions accrue).

In contrast, section 17.56A now provides:

*All* actions brought under this subchapter must be commenced within two years after the date on which the false, mis-

leading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice. The period of limitation provided in this section may be extended for a period of 180 days if the plaintiff proves that failure timely to commence the action was caused by the defendant's knowingly engaging in conduct solely calculated to induce the plaintiff to refrain from or postpone the commencement of the action.

TEX.BUS. & COM.CODE ANN. § 17.56A (Vernon Supp.1985) (emphasis added). Because the legislature must have known of the pre-existing limitations law, *Allen Sales & Servicenter, Inc. v. Ryan,* 525 S.W.2d 863, 866 (Tex.1975), and intended every word of the new limitations provision to have meaning, *Riverside National Bank v. Lewis,* 603 S.W.2d 169, 173 (Tex. 1980), we cannot agree with Brooks' argument that this section permits a longer limitations period for D.T.P.A. claims arising from contracts than would apply to those violations not involving a contractual relationship. We must construe the law as written and ascertain the legislature's intent from its language. *Government Personnel Insurance Co. v. Wear,* 151 Tex. 454, 251 S.W.2d 525, 529 (1952).

■ To ignore the plain meaning of the legislative mandate that "[a]ll [D.T.P.A.] actions" be brought within two years of the deceptive act would engraft upon this section an exception for which the legislature could have easily provided had it chosen to do so. We presume that the legislature intentionally excluded this exception since a contrary intention is not evident from the language of this section. *See Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981). Only when it is necessary to implement the legislature's clear intent can we insert additional matter into a legislative provision. *Mauzy v. Legislative Redistricting Board,* 471 S.W.2d 570, 572 (Tex.1971).

Apparently, the legislature's intention was contrary to Brooks' argument. At the same session in which section 17.56A was adopted, the legislature also amended articles 5526 and 5527 to provide a four-year limitations period for suits based on breach of either written or oral contracts. *See* Tex.H.B. 412, 66th Leg., 1979 Tex.Gen. Laws 1768; Tex.S.B. 357, 66th Leg., 1979 Tex.Gen.Laws 1327, 1332. If the legislature had intended to except D.T.P.A. suits involving breach of contract from the two year limitations period provided in section 17.56A, it is unlikely that at the same session it would have extended a four year limitations period for all breach of contract actions, whether oral or written.

■ If we accepted Brooks' contention, section 17.56A would have little meaning. The D.T.P.A. only governs those transactions in which one "seeks or acquires by purchase or lease, any goods or services." TEX.BUS. & COM.CODE ANN. § 17.45(4) (Vernon Supp.1985). Such transactions will usually involve either an express or implied contractual obligation. Under Brooks' view, merely because the transaction involved a contractual relationship would be sufficient to allow D.T.P.A. litigants four years to sue notwithstanding the plain language of section 17.56A. Consequently, we hold that section 17.56A governs exclusively the limitations period applicable to D.T.P.A. suits.

■ We must next determine whether Brooks' D.T.P.A. action was barred by that section. Brooks filed suit more than two years, but less than two years and 180 days, after the alleged deceptive act occurred. Under section 17.56A, a D.T.P.A. plaintiff may extend limitations for 180 days if he delayed his suit because of "defendant's knowingly engaging conduct solely calculated to induce the plaintiff to refrain or postpone the commencement of the action." TEX.BUS. & COM.CODE ANN. § 17.56A (Vernon Supp.1985). Therefore, summary judgment would have been improper if Brooks had raised an avoidance to the limitations plea and the bank did not conclusively prove the invalidi-

ty of Brooks' attempt to avoid limitations' bar. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975).

Brooks pleaded that "[i]n correspondence and telephone conversations through August 1981 Northpark indicated that it would reimburse ... [Brooks] for the value of the missing items...." In support of this allegation, Brooks introduced an opposing affidavit in which a Brooks representative states that he "had the understanding that Northpark ... was going to reimburse Brooks...." Brooks also relies on letters from the bank assuring Brooks that it would "stand behind its commitment to ... [Brooks] as a commercial customer" and requesting information necessary to process Brooks' claim.

■ However, we find no allegation that the bank made these statements solely to delay Brooks' suit. Because Brooks' petition showed on its face that the claim was barred unless the suspension provision applied, the burden was on Brooks to plead facts which, if proved, would permit it to pursue the D.T.P.A. action even though filed more than two years after that action accrued. *See Luling Oil & Gas Co. v. Humble Oil & Refining Co.*, 144 Tex. 475, 191 S.W.2d 716, 723 (1946); *Owen v. King*, 111 S.W.2d at 696 (concerning equitable estoppel to assert limitations defense); *see also "Moore" Burger v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936 (Tex.1973) (holding that although the plaintiff does not, as in the present case, properly or specifically name the theory relied upon, it is raised if he pleads facts making the concept applicable). Alternatively, Brooks was at least required to generally allege this suspension provision to avoid the bar of limitations. *See Zale Corp. v. Rosenbaum*, 520 S.W.2d at 891.

We find that Brooks did neither. The record reveals no mention of the suspension provision in section 17.56A. Although

Brooks alleged that the bank "indicated" that it would repay the loss, it did not assert that the bank's purpose for making this suggestion was to delay Brooks' filing this suit. Consequently, the facts alleged by Brooks do not raise all the statutory elements necessary to invoke the provision suspending for 180 days the running of limitations.[6]

Thus, the bank was not required to present summary judgment evidence conclusively disproving that its conduct postponed the commencement of the limitations period for this D.T.P.A. action. Since Brooks did not allege this provision or facts sufficient to make it applicable, it cannot now contend that summary judgment was improper because the bank's motion was insufficient as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d at 678. Further, Brooks cannot raise the suspension provision for the first time on appeal since rule 166–A(c) precludes reversal on any ground not expressly presented for the trial court's consideration. TEX.R.CIV.P. 166–A(c). Accordingly, we overrule Brooks' fifth point of error and affirm that portion of the trial court's judgment which holds that section 17.56A barred Brooks' D.T.P.A. cause of action.

### C. *Conversion*

In its final point of error, Brooks attacks the trial court's summary judgment that limitations barred its conversion action because it contends that a material issue of fact existed concerning when its cause of action accrued. Although Brooks concedes that the limitations period for conversion is two years under TEX.REV.CIV.STAT. ANN. art. 5526 (Vernon Supp.1985), it argues that, under the discovery rule, its cause of action did not accrue more than two years before it commenced this litigation. We disagree.

■ The discovery rule, which ordinarily applies where the plaintiff is unable

---

6. Brooks does not question, and we do not decide, whether the legislature may constitutionally limit the amount of time a defendant's acts intended to delay plaintiff's suit may toll the limitations period. *Cf. Neagle v. Nelson*, 685

S.W.2d 11 (Tex.1985) (holding unconstitutional TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1985) which purported to establish an absolute two-year limitation period for medical malpractice actions).

to discover the injury even though he has exercised due diligence, prevents the cause of action from accruing until the plaintiff knew of the injury or reasonably could have discovered it. *Weaver v. Witt,* 561 S.W.2d 792, 793–94 (Tex.1977). Brooks admits that, when it requested the bag's contents in January 1981, it was notified by the bank that the jewelry could not be located. Accordingly, we hold that the discovery rule does not apply to the facts of this case.

The real thrust of Brooks' argument is that the bank's conduct estopped the bank from being able to assert the limitations defense. Brooks relies on the same pleadings and opposing affidavit discussed above in connection with the D.T. P.A. suspension provision. Because Brooks' pleadings show on their face that the suit for conversion was filed more than two years after the cause of action accrued, Brooks was required to plead an avoidance to the bar of limitations. *See Luling Oil & Gas Co. v. Humble Oil & Refining Co.,* 191 S.W.2d at 723. Brooks' pleadings do not mention the estoppel doctrine; therefore, we must determine whether they present *facts* that would, if true, avoid the bank's limitations defense. *"Moore" Burger v. Phillips Petroleum Co.,* 492 S.W.2d at 936.

The doctrine of equitable estoppel was designed to protect those whom the opposing party misleads. *Davis v. Allison,* 109 Tex. 440, 211 S.W. 980, 984 (1919); *accord, Kuehne v. Denson,* 148 Tex. 54, 219 S.W.2d 1006, 1009 (1949); *Seay v. Diversified, Inc.,* 382 S.W.2d 518, 521 (Tex. Civ.App.—Amarillo 1964, writ ref'd n.r.e.). Accordingly, one seeking to invoke the doctrine must allege that he was unaware of the true facts; that the other party, with actual or constructive knowledge of the true facts, materially misrepresented or concealed these facts intending him to rely on the misrepresentation or concealment; and that his reliance prejudiced him. *See O'Dowd v. Johnson,* 666 S.W.2d 619, 621 (Tex.App.—Houston [1st Dist.] 1984, writ

ref'd n.r.e.) (citing *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 932 (1952)).

At best, the affidavit and attachments thereto show that the bank filed an insurance claim for the lost jewelry and that Brooks expected to be reimbursed. Nothing in the record suggests that the bank intended to mislead Brooks on the basis of facts known to it and unknown to Brooks. Consequently, we hold that Brooks did not raise the estoppel issue to avoid the bank's limitations defense. Therefore, the bank was not required to address this issue in its motion. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 678. Accordingly, we hold that the trial court did not err when it granted the bank's motion for summary judgment against Brooks' cause of action for conversion.

The trial court's judgment that the causes of action for conversion and violation of the D.T.P.A. are barred by limitations is affirmed. The trial court's judgment that limitations barred Brooks' breach of contract action is reversed and the cause remanded for trial on that issue. Costs of this appeal are taxed one-third against Northpark National Bank, appellee, and two-thirds against Brooks Fashion Stores, Inc., appellant.