**George Lee POE**

v.

**HOLIDAY INNS, INC.**

**Civ. A. No. 1:92–CV–0116.**

United States District Court,
E.D. Texas,
Beaumont Division.

July 13, 1992.

---

Frank A. Adams, Christi & Adams, Beaumont, Tex., for plaintiff.

Mike Morris, Tekell Book Matthew & Limmer, Houston, Tex., for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

George Lee Poe sues Holiday Inns, Inc. under the Texas Dramshop Act, Tex. Alco.Bev.Code Ann. § 2.02 (Vernon's Supp. 1991), and for common law negligence. Poe sues for personal injuries he suffered in an automobile accident on October 18, 1983. Poe alleges that he was intoxicated at the time of the accident and that Holiday Inn negligently served him alcohol. The effective date of the Dram Shop Act was June 11, 1987. Poe filed this action on January 27, 1992. According to Poe's state court petition, Poe was in a coma from the time of the accident until 1985. Poe's response to Holiday Inn's motion for summary judgment asserts that Poe's brother was Poe's guardian from the time of the accident until 1990.

## DRAM SHOP ACT

■ First, Holiday Inn argues that Poe has no cause of action under the Dram Shop Act because the accident occurred before the effective date of the Act. Poe claims that a cause of action under the Dram Shop Act accrued only when he regained control of his legal affairs in 1990. The issue is whether a cause of action under the Act accrues at the time of the accident or when the plaintiff regains legal competence.

■ Because Texas law did not recognize dram shop liability when the accident occurred, no such cause of action could accrue. Laws may not operate retrospectively to create new obligations, impose new duties, or adopt new disabilities in respect to past transactions. *Sanger v. Miller*, 664 S.W.2d 819, 821 (Tex.App.— Austin 1984). Unless the discovery rule applies, a cause of action in tort accrues when the wrongful act causes an injury. *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977); *Timberlake v. A.H. Robins Co.*, 727 F.2d 1363, 1365 (5th Cir.1984). The law at the time of an accident determines the existence of a legal injury. *See Sanger*, 664 S.W.2d at 821.

Poe mistakenly relies on the rule that the statute of limitations may be tolled during the legal disability of the plaintiff. *See* Tex.Civ.Prac. & Rem.Code § 16.001(a)(2) (Vernon Supp.1992). For disability to toll the running of limitations on a non-existent cause of action is an impossibility. Accordingly, summary judgment is appropriate.

## COMMON LAW NEGLIGENCE

Second, Holiday Inn moves for summary judgment on Poe's negligence claim on the grounds that Poe filed his suit more than two years after the accrual of his cause of action. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1986).

When a party moves for summary judgment on limitations, it is the movant's burden to conclusively establish the bar of limitations. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex. 1975). In an action in tort, a showing from the face of the plaintiff's complaint that the plaintiff filed suit more than two years after the cause of action accrued is sufficient to establish the bar of limitations. *Brooks Fashion Stores v. Northpark Nat'l Bank,* 689 S.W.2d 937 (Tex.App.—Dallas 1985); *see also Johnson v. Abbey,* 737 S.W.2d 68, 70 (Tex.App.—Houston [14th Dist.] 1987). In the instant case, Holiday Inn carried this initial burden. The record indicates that Poe's cause of action accrued on October 18, 1983 and that Poe filed suit on January 27, 1992.

However, where a non-movant interposes a tolling statute, the limitation defense is not conclusively established until the movant negates the applicability of the statute. *Zale,* 520 S.W.2d at 891. The non-movant may raise the tolling statute by answer, motion, or responsive writing filed in the suit. *Smith v. Erhard,* 715 S.W.2d 707, 709 (Tex.App.—Austin 1986). The non-movant need not specifically name the theory relied upon; he or she can raise the tolling issue by pleading facts that, if proved, would defeat the limitations defense. *Brooks Fashion Stores,* 689 S.W.2d at 944. Poe successfully raised a tolling issue. Poe's response to Holiday Inn's motion for summary judgment asserts that his brother was his guardian until 1990 and that legal disability tolled the statute of limitations. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.001(a)(2).

Thus, the burden shifts to Holiday Inn to dispel the tolling issue. Holiday Inn has failed to carry that burden from the summary judgment before the court at this time. Holiday Inn presented no evidence or legal argument to dispel the tolling issue. For example, Holiday Inn does not address the issue whether Poe's alleged disability lasted beyond the two years Poe allegedly spent in a coma. Further, despite the fact that the guardianship allegedly ended sometime in January, 1990 and the suit was filed on January 27, 1992, Holiday Inn adduces no evidence of when the guardianship actually ended so that this court may determine if limitations have run. Holiday Inn's failure to establish conclusively in the summary judgment record that Poe's legal disability ended more than two years before the filing of this suit or some other reason which makes § 16.-003(a)(3) inapplicable is fatal to the motion for summary judgment. *See Smith,* 715 S.W.2d at 709.

## CONCLUSION

For the above stated reasons, Holiday Inn's motion for summary judgment on Poe's Dram Shop Act claims is GRANTED and Holiday Inn's motion for summary judgment on Poe's negligence claims is DENIED.